## Richmond.

W. B. Hastings and Anna E. Hastings, Adminis-
tratrix of G. T. Hastings, Deceased, v.
Fannie E. Bain.

December 5, 1928.

The opinion states the case.

*John W. Oast, Jr.*, for the plaintiffs in error.

*Jas. G. Martin*, for the defendant in error.

CHINN, J., delivered the opinion of the court.

The circumstances which gave rise to this suit may be stated as follows:

W. B. Hastings and G. T. Hastings, who were partners and dealers in real estate, owned a certain lot situated on the outskirts of the corporate limits of the city of Norfolk, designated on the map of the subdivision of the Ocean View Syndicate as lot 4, in block 8. This lot, which will hereafter be sometimes called the Syndicate lot, is of little value, being worth, according to the evidence, about $25.00 (Par.) There was an entirely different lot, belonging to a different person, situated over a mile from the Hastings lot, known as lot 4, in block 8, East Ocean View. This lot, hereafter sometimes called the Ocean View lot, being a corner lot and near the water front, is worth $600.00. (Par.) Desiring to dispose of their lot, the Hastings brothers placed it in the hands of one L. D. Measell, a real estate agent. Measell knew nothing about the property or its location, and, when he asked his employers for the necessary information on the subject, instead of

designating the Syndicate lot which they really owned, G. T. Hastings, one of the partners, told Measell that the lot they owned and wished him to dispose of was the Ocean View lot. Relying upon this representation, Measell brought about an agreement between the Hastings brothers and Mrs. Anna C. Benkert, whereby the partners agreed to convey the Ocean View lot to Mrs. Benkert in exchange for certain property she owned, situated at Lennox. The contract, which is in writing and was duly signed by both parties, specifically describes the lot to be conveyed to Mrs. Benkert as lot 4, in block 8, East Ocean View. After this contract was executed, but before there was any transfer of the property from the Hastings to Mrs. Benkert, Measell took Mrs. Fannie E. Bain to East Ocean View and showed her the lot which it was understood Mrs. Benkert was to get from Hastings; and thereupon arranged a deal between Mrs. Benkert and Mrs. Bain, by which it was agreed that Mrs. Bain should take over the Ocean View lot in part satisfaction of a mortgage held by Mrs. Bain against Mrs. Benkert's property at a place called London Bridge.

In the meantime a deed had been executed by W. B. and G. T. Hastings conveying to Mrs. Benkert the Syndicate lot which they actually owned, instead of the Ocean View lot, which they were represented to own and was stipulated for in their contract. The deed had not been delivered, however, but was being held in the possession of Mr. L. P. Matthews, who was acting as attorney for both the Hastings and Mrs. Benkert, and, when Mrs. Bain agreed with Mrs. Benkert to take over the Ocean View lot, the Hastings brothers, through one of the partners, Mr. G. T. Hastings, authorized Mr. Matthews to erase the name of "Anna

C. Benkert" from the deed and substitute therefor, as grantee, the name of "Fannie E. Bain;" which being done, the deed was duly recorded and Mrs. Bain released the debt due her by Mrs. Benkert. This three cornered transaction as thus completed consisted of a deed from Mrs. Benkert to W. B. and G. T. Hastings for her Lennox property, a deed from the Hastings to Mrs. Bain for the Syndicate lot, and the release by Mrs. Bain to Mrs. Benkert of her mortgage debt; both Mrs. Benkert and Mrs. Bain having been led to believe by the representations made to them by Measell that the lot conveyed to Mrs. Bain by the Hastings deed was the lot at East Ocean View. Neither of them knew that any other lot was involved in the transaction; nor, it appears, did Measell, who wrote the original contract calling for the Ocean View lot, and did not see the deed before it was recorded.

Several months thereafter, Mrs. Bain having conveyed the Syndicate lot to Dr. E. T. Somers, under the representation that it was the lot she thought she had bought, the misrepresentation was discovered, and she thereupon brought this suit against W. B. Hastings and the personal representative of W. T. Hastings (who had died), and Mrs. Anna C. Benkert, to recover damages claimed to have been suffered by her on account of said misrepresentation. Upon the trial of the case, there was a verdict in favor of the plaintiff against the defendants generally, and the court having entered judgment in accordance with said verdict, W. B. Hastings and the administratrix of G. T. Hastings are now here asking that the same be reviewed.

The first assignment of error is as follows:

"The court erred in not setting aside the verdict and entering judgment for the defendants Hastings

upon the ground that there is a complete absence of any evidence in the record to the effect that Measell was the agent of defendants Hastings, or had any authority to bind them by his misrepresentations in the Bain and Benkert transaction."

The basis of this contention is, that when the Hastings brothers delivered to Matthews their deed to Mrs. Benkert, the transaction was concluded as far as they were concerned, and Measell was, therefore, acting as Mrs. Benkert's agent and not their's when he made the representations to Mrs. Bain as to the location of the lot.

We think this is too narrow a view, when all the circumstances of the transaction are considered. It is true that W. B. Hastings says he never heard of Mrs. Bain until she discovered that she had not been conveyed the lot she bargained for, but it appears from evidence which the jury had the right to credit that the other partner, G. T. Hastings, authorized their attorney to change the deed before it was delivered so as to convey the property to Mrs. Bain instead of Mrs. Benkert, and she took over the lot directly from the Hastings and released Mrs. Benkert's debt, upon the faith of the representations made to her by Measell in regard to it. Having thus substituted Mrs. Bain as grantee in their deed in Mrs. Benkert's place, the grantors made themselves liable to Mrs. Bain for the false representations made to her by Measell to the same extent they would have been liable to Mrs. Benkert for such representations if the property had been conveyed to her. The real question is not whether Measell was acting as the Hastings' agent in bringing about the agreement between Mrs. Benkert and Mrs. Bain, but whether he was authorized by them to make the false representations to Mrs. Bain which induced

her to accept the conveyance made to her in satisfaction of Mrs. Benkert's debt. That the statements made by Measell in regard to the location of the lot owned by the Hastings, emanated from and were entirely due to the misleading information given him by his employers, and were not made upon his own responsibility, is not disputed. He was their agent for that purpose at least, in the dealings with Mrs. Bain. Having furnished Measell the means to mislead both Mrs. Benkert and Mrs. Bain in the transaction, and having received the benefits resulting from it, they should stand the loss suffered by Mrs. Bain, the aggrieved and innocent party, through their own negligence or wilful misconduct. We are therefore of the opinion that the verdict of the jury was justified under the evidence and in accordance with substantial justice under the circumstances of the case.

It is further contended, however, that Mrs. Bain accepted the Hastings deed after she was informed that the lot thereby conveyed was not the Ocean View lot which she agreed to take, but the worthless lot back from the water front which was actually conveyed to her; and the verdict should be set aside for that reason. Mrs. Bain's testimony on the subject is as follows:

"Before the deed was drawn, before I accepted, the copy showed it was the 'Ocean View Syndicate.' I went to Mr. Page and asked him about it, and he said: 'That is way over here in the woods.' I said: 'I don't want it then; I won't take it,' and I goes to Mr. Measell and I said: 'You showed me the wrong lot,' and he said: 'I did not.' We went right back to Mr. Page's office, and he was out, and a young man showed the map to Mr. Measell, and showed it to me.

"Q. Then did you accept the lot?

"A. When I was assured I was getting the Ocean

View lot; I accepted the lot for trade, and then Mr. Matthews drew the deed."

We think this evidence fully sufficient to warrant the jury in finding that Mrs. Bain was relying upon Measell's representations and assurances as to the lot when she finally accepted the deed.

■■ It is contended under the next five assignments of error that the court should not have admitted in evidence: (1) the Hastings deed to Mrs. Bain; (2) the original contract between Hastings and Mrs. Benkert; (3) the testimony of Measell; (4) the testimony of Mrs. Bain; and (5) the deed from Mrs. Bain conveying the Syndicate lot to Dr. Somers.

All this evidence is objected to, as we understand the position taken by counsel, upon the theory that the Hastings were strangers to the agreement between Mrs. Benkert and Mrs. Bain, and such being the case no evidence whatever should have been admitted in regard to it, until the plaintiff in the court below first established the fact that Measell was acting as the Hastings' agent when he made the misrepresentations to Mrs. Bain that he did.

The whole question of whether Measell was authorized by the Hastings to make such representations to Mrs. Bain, and whether she relied upon them, was, as has been said, for the jury. It is well settled that whatever evidence has a tendency to prove an agency is admissible for that purpose. *Lysle Milling Company* v. *S. W. Holt and Company*, 122 Va. 565, 95 S. E. 414; *Bloxom* v. *Rose, ante* page 590, 144 S. E. 642.

Obviously, therefore, the evidence above referred to was properly admissible in order that it might be considered by the jury along with the other facts and circumstances of the case in the determination of the issues involved.

Complaint is also made of the one instruction given at the request of the plaintiff, and of the refusal of the court to grant two of the six instructions asked for by the defendants Hastings.

■ The instruction given for the plaintiff tells the jury "that if they believe from the evidence that the defendants or their agents showed the plaintiff a certain lot as the lot intended to be conveyed to her, and that on the faith of this representation she supposed she was buying this lot, but that in fact the deed to her was made for a different lot, then the plaintiff is entitled to recover the difference in value between the two lots."

There was sufficient evidence upon which to base this instruction and it was therefore plainly right.

The instructions offered by the defendants and refused practically took the case away from the jury, and were properly denied.

■ While it is neither charged nor proved that there was any actual fraud on the part of either Measell or the Hastings in regard to the transaction, and it seems apparent that Mrs. Bain was misled through a gross mistake made by G. T. Hastings when he informed Measell as to the location of the lot owned by the partners and to be disposed of, the fact that the representation was innocent and not intentional, and that Mr. Hastings believed it to be true, is wholly immaterial. It is sufficient that the statement is material, was relied on by Mrs. Bain, and was in fact untrue. *Rafferty* v. *Heath*, 115 Va. 195, 78 S. E. 641.

For the reasons given the judgment of the court below will be affirmed.

*Judgment affirmed.*