GRACE M. BEARSE, executrix, *vs.* MIRIAM A. FOWLER.

Suffolk.   January 8, 1964. — March 4, 1964.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Negligence,* Motel, Shower bath.  *Evidence,* Opinion: expert.

In an action against the proprietor of a motel for personal injuries sustained by a patron when, while she was using a bathtub shower with new fixtures controlling the mixture of hot and cold water, the water suddenly became very hot and she fell and fractured her wrist in getting out of the tub, a verdict for the defendant was properly ordered where the evidence did not warrant a finding that, if there was a defect in the fixtures, the defendant knew or should have known of it.   [181]

Certain proffered opinion testimony by a master plumber as an expert witness at the trial of an action, that an installation of the fixtures in a shower bath was defective, did not rest on a sufficient factual basis to make it more than a mere conjecture, and it was properly excluded. [181–182]

TORT OR CONTRACT.   Writ in the Superior Court dated October 14, 1958.

The action was tried before *DeSaulnier,* J.

*James W. Kirk* for the plaintiff.

*John F. Finnerty (John H. Fletcher Calver* with him) for the defendant.

Bearse *v.* Fowler.

REARDON, J.   This is an action of tort or contract brought by a paying guest at the defendant's motel.[1]   The declaration as amended is in two counts.   The first alleges that the defendant was negligent in the maintenance of the premises, the second that there was a breach of an implied contract to maintain them in a safe and suitable condition, as a result of which the plaintiff suffered personal injury.   The exceptions argued here are to the direction of a verdict for the defendant and to the exclusion of opinion evidence offered through a master plumber called by the plaintiff as an expert.

There is evidence of these facts.   On July 18, 1958, the plaintiff became a paying guest at the defendant's motel in company with her husband.   The accommodations furnished them consisted of a single room with twin beds and a bath.   The defendant provided maid service and all facilities.   The plaintiff casually noticed, on looking into the bathroom on the evening when she registered, a "small piece of paper that looked like a mat in front of the bath tub."   The following day she entered the bathroom to take a shower.   She saw no bath mat at that time.   At the end of the tub were two knobs on the wall, governing respectively the flow of hot and cold water to the shower head.   She experienced difficulty making the knobs move "and finally she turned . . . [them] on and had sort of a mixture of hot and cold water, sort of lukewarm."   Suddenly the water became hot, and the plaintiff endeavored in vain to turn off the hot water, first with one hand, then with the other.   When the flow became "very" hot, she tried to get out of the tub, and after both feet were outside of the tub, she slipped and fell on the wet floor with sufficient force to fracture her left wrist.   The shower was equipped with a curtain to a point below the top of the bathtub, but the plaintiff "didn't close it during her shower."   Her husband, hearing his wife scream, rushed to the bathroom where he found her on the floor, the shower running, and

---

[1] The original plaintiff (hereinafter plaintiff) has died since the trial.   Her executrix has been substituted for her.

the bathroom full of hot steam. After assisting his wife from the bathroom and splinting her hand, he returned and was unable to turn off the hot water by the knob until he had wrapped a towel around it and "pressed down with all his might, approximately twenty pounds pressure."

1. The direction of a verdict for the defendant was proper. Without question, "the defendant owed a duty to its paying guests to use reasonable care that the premises as a whole, and the rooms assigned to the use of the guests in particular, should be reasonably fit and safe for such use." *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229, 231. The fixture complained of in this case was brand new and on that and other grounds the facts are distinguishable from those in *Parsons* v. *Dwightstate Co.* 301 Mass. 324. It is uncontradicted that the defendant had made a daily inspection of the shower handles in her ten unit motel and that she had had no difficulty in turning the fittings controlling the flow of water. There was no evidence that any defect, assuming the jury could have found one, was known to the defendant or to any agent by whose knowledge she was bound or that in the exercise of due care she should have known of any such defect. *Campbell* v. *Hagen-Burger,* 327 Mass. 159, 162. Also it appears that the water on the bathroom floor resulted from the plaintiff's failure to use the shower curtain installed for the purpose, among others, of retaining the water from the shower in an area prepared to dispose of it.

2. There was no error in the exclusion by the court of expert testimony offered through a master plumber. If permitted to answer the hypothetical question put to him he would have testified that the inability of the plaintiff to turn off the shower was due to faulty or defective installation of the shower handle and valve. The installation was completed by a plumber who from what appears was an independent contractor and for whose negligence the defendant was not responsible. See *Khoury* v. *Edison Elec. Illuminating Co.* 265 Mass. 236, 238–239; *Bell* v. *Sawyer,* 313 Mass. 250, 251–252; *Patterson* v. *Barnes,* 317 Mass. 721,

722–723; *Cowan* v. *Eastern Racing Assn. Inc.* 330 Mass. 135, 141; Restatement 2d: Agency, § 220. In addition, the factual basis of the hypothetical question was insufficient to support an opinion of defective installation; rather the opinion would have been a matter of conjecture. *Nass* v. *Duxbury,* 327 Mass. 396, 401–402. *Sevigny's Case,* 337 Mass. 747, 751. *Milch* v. *Boston Consol. Gas Co.* 341 Mass. 230, 233. And much of that which was sought in answer to the question later appeared through subsequent questioning of the expert.

*Exceptions overruled.*