Rose L. SCHNITZER, Appellant,

v.

Lawrence NIXON and Earl M. Heath, in-
dividually and trading as Cavalier
Manor Motel, Appellees.

No. 14897.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 11, 1971.

Decided March 19, 1971.

James A. Eichner, Richmond, Va. (Al-
len, Allen, Allen & Allen, Richmond, Va.,
on brief), for appellant.

William F. Hazen, Richmond, Va.
(Taylor, Hazen, Bryant & Kauffman,
Richmond, Va., on brief), for appellees.

Before SOBELOFF, BRYAN and
BUTZNER, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

Painful injuries were suffered by
Rose L. Schnitzer, plaintiff, while a
guest at the motel in Richmond, Virgin-
ia, operated by Lawrence Nixon and
Earl M. Heath, defendants, when the
chair in which she was sitting collapsed.
She sued in three counts: negligence in
providing a defective chair, violation of
the statutory obligations of an innkeeper
and breach of implied warranty of the
chair's suitability. Now depending only
upon the warranty, she appeals against
the District Court's dismissal of her
complaint. It was a bench trial with a
jury waived. We find liability and re-
mand for an award of damages.

The facts are not in contest. The
chair occupied by Rose Schnitzer had
been furnished by the motel and was lo-
cated at the side of the swimming pool.
She was engaged in throwing pennies to
her children in the water when the chair
gave way. It had been purchased by the
defendants, along with the motel, ap-
proximately a year previously. The de-
sign and type of the chair were like
those commonly used outdoors. The
mishap was due to the failure of the alu-
minum frame.

The trial court found that the frailty
was not visible to ordinary examination,
and that the defendants were not negli-
gent in inspecting the chair or the space
about it. The Court also concluded that
the Virginia statute outlining the duties
of an innkeeper, § 35–10 of the Code of
1950, as amended, was not breached be-
cause the defendants had, as it required,
taken "every reasonable precaution to
protect the person and property of their
guests and boarders." With all of this
we agree.

However, we think there was an
implied warranty by the defendants that
the chair was suitable for its intended

purpose. Such a warranty is not dependent upon care in the acquisition or maintenance of the article. A breach occurs when it fails in its function without any reason apparent to the user. Since this is a diversity case, we would follow the Supreme Court of Appeals of Virginia but unfortunately it has not explicitly expressed itself on warranty in the instant factual environment.

■ Certainly, however, nothing in Virginia's jurisprudence, statutory or decisional, denies the availability of the implied warranty—devoid of negligence —for a guest's recovery from his innkeeper for injuries caused by a weak fixture provided for the guest's use. Such an action lies in Virginia, appellees concede, for breach of implied warranty of merchantability or suitability in the *sale* of goods, Gleason & Co. v. International Harvester, 197 Va. 255, 88 S.E.2d 904 (1955), and for the wholesomeness of food and drink in its *sale*, Levy v. Paul, 207 Va. 100, 147 S.E.2d 722 (1966). These doctrines in reason and logic dictate recognition of actionable implied warranty on the part of the innkeeper.

■ His general liability is historical and ancient. Because of its thorough treatment in *Dobie*, Bailments and Carriers (1914) pp. 241–295, we need not retrace it here.[1] The responsibility is not insurance of the guest. As the District Court patly remarked, "the defendants were not insurers of the safety of the plaintiff". Answerability rests entirely on contract. The host is held to have promised a safe accommodation. He cannot escape this undertaking by proving he was not neglectful or indifferent, for that was not his agreement. Avoidance of liability on that ground would allow a withdrawal from the contract with impunity.

The English courts have espoused this position, and Virginia has from early times adopted English law, as witness § 1–10, Code of Virginia, 1950:

"The common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this State, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly."

Apt then is Silverman v. Imperial London Hotels, 137 LT 59 (Kings' Bench 1927). A guest, after taking a Turkish bath at the defendant's hotel, spent the night there. Bitten by bugs in the bed, he sued the hotel keeper. Passing beyond the question of negligent innkeeping, the Court concluded primarily:

" * * * that by the contract made between the plaintiff and the defendants the latter impliedly warranted that their premises were reasonably fit for use as Turkish baths in the way that such baths are ordinarily used, and, amongst other things, that the *beds or couches* * * * *were reasonably fit* for reclining or sleeping on after the bath had been taken."

Continuing, the Court observed:

" * * * that the parties in this case contemplated that the cubicle and bed or couch in which and on which the plaintiff was invited to lie should be free from bugs or other insects which might inflict harm upon the plaintiff, and * * * in the contract between them there was implied a term that the premises should be so free from bugs as to be reasonably fit for the purpose for which they were to be used. *If there were such an implied contract it matters nothing what steps the defendants had taken to render their premises fit; they have contracted that they shall be reasonably fit, and if the premises are not so, and the plaintiff is thereby injured, it avails the defendants nothing although they have taken every possible*

---

1. The author, Armistead M. Dobie, was a distinguished professor of law at the University of Virginia until his accession to this court in 1940.

*step in an endeavor to make them fit."* (Emphasis added)

Identical in principle, Kirby v. Moehlman, 182 Va. 876, 30 S.E.2d 548, 550 (1944), reasoned that a guest was entitled to recover for her injuries when, as she sat in a chair, it overturned because a rocker was missing. The essence of the opinion is in its own elucidation:

> "We must remember that she was a paying guest at the hotel and they owed her the duty of supplying a suitable and safe chair free from defects. She was not called upon to examine the chair before she sat in it."

The same theorem dominates Crosswhite v. Shelby Operating Corporation, 182 Va. 713, 30 S.E.2d 673 (1944), where the duty of an innkeeper was extended to the maintenance of a screen adequate to prevent the fall of a child guest from a window. This trend is manifest also in Murphy's Hotel v. Cuddy's Adm'r, 124 Va. 207, 97 S.E. 794 (1919) declaring an elevator in a hotel to be a common carrier.

Further, we see the lessor in a nine-month lease of a cottage held liable as having "impliedly covenanted" that "its furnishings were then suitable for their intended use." Horton v. Marston, 352 Mass. 322, 225 N.E.2d 311, 313 (1967). The lessee had been injured when a stove exploded because of a defect unknown to the lessor. There was no showing of negligence in the defendant. Confessedly it was not an innkeeper case, but because the letting was for so brief a period the holding is relevant to the cause at bar.

These antecedents considered, we have no hesitancy in declaring the plaintiff entitled to succeed in Virginia on an implied warranty, negligence aside. It is but a fair placement of the innkeeper's responsibility to a guest under his roof.

The judgment of the District Court must be set aside and the action remanded for award of damages.

Vacated and remanded.