## CIRCUIT COURT OF THE CITY OF RICHMOND

Eugene Meredith

v.

Alvin Leake

October 13, 1977

Case No. 9888

By JUDGE MARVIN F. COLE

I have been concerned with two problems in this case. First is the question as to whether an implied warranty for a particular purpose is applicable in a case between a lessor and lessee such as is involved in this case and secondly, it appears to me that there is a question in this case as to whether the plaintiff did in fact rely upon any warranties made to him by employees at the Leake store.

In regard to the question of reliance I have gone to the case of *Gerst* v. *Jones and Company*, 73 Va. (32 Gratt.) 518 (1879), for a decision on this point. In that case it was argued that the plaintiff was a better judge of the tobacco boxes involved in the case than was the defendant and that they had a better opportunity of finding out the defects than he had and that they were grossly negligent in not examining the boxes.

The court held that the defendant, as a manufacturer, knows, or ought to know, what sort of material is suitable for his business, and if he, in good faith, can claim that the defect escaped his attention, with what propriety are the plaintiffs to be charged with negligence in failure to discover it; in cases like the present, the question is not whether the purchaser has

an opportunity of examining the article, but whether he has, in fact, examined it for himself, and whether the defect is one readily discoverable upon inspection. He is not bound to examine, for he has the right to rely upon the judgment of the seller, and to take it for granted that the latter has furnished an article answering the terms of the contract.

I, therefore, find that the defect in the ladder as described by the expert witness for the plaintiff was not discoverable by the plaintiff nor was it discoverable by the defendant. However, the matter is based upon a contract and the defendant was required to furnish a ladder reasonably suitable for the purposes for which it was intended. According to the testimony of the expert for the plaintiff the ladder was not suitable for this purpose. Therefore, I feel that the implied warranty is applicable and that there is a sufficient amount of reliance in the matter.

In regard to the first question as to whether there is an implied warranty between a lessor and lessee, I shall state my opinion upon the case of *Schnitzer* v. *Nixon*, 439 F.2d 940 (4th Cir. 1971). Judge Bryan says in this case that he has no hesitancy in declaring that the plaintiff is entitled to succeed in Virginia on an implied warranty theory. I am not quite as confident as Judge Bryan as to what the Supreme Court of Virginia will do on the issues involved in this case. However, I think that Judge Bryan's opinion is well reasoned and he reviews the applicable law in regard to the subject. He also cites the case of *Horton* v. *Marston*, 352 Mass. 322, which case does in fact involve a lease.

I am also impressed with the reasoning set forth in the *Cintrone* v. *Hertz Truck Leasing and Rental Service* case in 212 A.2d 769. The court in that case stated that there is no good reason for restricting implied warranties to sales. Warranties of fitness are regarded by law as an incident of a transaction because one party to the relationship is in a better position than the other to know and control the condition of the chattel transferred and to distribute the losses which may occur because of a dangerous condition the chattel possesses. These factors make it likely that the party acquiring the possession of the article will assume it is in a safe condition for use and therefore restrain from taking precautionary measures himself. The court also points out that in the

face of present day forms of business enterprise, development of the warranty doctrine in sales should point the way by suggestive analogy to similar results in cases where a commodity is leased.

It should also be pointed out that in today's world leases have become almost as numerous as sales. Automobiles are leased. Manufacturing equipment is leased and there are numerous businesses now in the business of dealing in leases, where the same businesses in prior years were dealing in sales. One of the reasons for this change in the form of such businesses is due to various benefits that persons can secure from taxation by the use of a lease rather than by the use of a sale.

Therefore, I am of the opinion that the verdict of the jury in this case should be upheld. I request that counsel for the plaintiff submit to me an appropriate order embodying this letter opinion as a part thereof and entering judgment for the plaintiff in accordance with the jury verdict and I will enter the same.