**Harriet E. HAYWARD, Plaintiff,**

v.

**HOLIDAY INNS, INC., Norman D. Groh, and William R. Slepin, Defendants.**

Civ. A. No. 78–3–N.

United States District Court, E. D. Virginia, Norfolk Division.

Oct. 3, 1978.

Stephen C. Swain, Thomas B. Shuttleworth, Norfolk, Va., for plaintiff.

Eley, Rutherford & Leafe, Norfolk, Va., for defendants.

## OPINION AND ORDER

CLARKE, District Judge.

Defendant Holiday Inns, Inc. has moved for summary judgment on the ground that it had no agency relationship with the other defendants which would subject it to vicarious liability in this case. As support for its argument, defendant relies upon a recent case of the Supreme Court of Virginia, *Murphy v. Holiday Inns, Inc.,* 216 Va. 490, 219 S.E.2d 874 (1975).

Because jurisdiction in this case rests upon diversity of citizenship, state law governs here. Therefore, since *Murphy* explored the relationship between Holiday Inns, Inc. and its franchisees, it must be given great weight. Like the present case, *Murphy* was a suit seeking damages for serious injuries suffered on the premises of a Holiday Inn motel. The Supreme Court of Virginia found that the license agreement, which permits the operator of a motel to use the name "Holiday Inn" subject to certain terms and conditions, created no principal-agent or master-servant relationship.

The present case, however, is different from *Murphy* in two crucial respects. First, in *Murphy* the plaintiff offered only the licensing agreement as evidence of an agency relationship, and the court based its decision solely upon that agreement. In contrast, counsel for plaintiff Hayward indicated in oral argument before this Court on October 4, 1978, that he would submit as evidence of an agency relationship, not only the licensing agreement but also operating manuals and other materials which Holiday Inns, Inc. has published and distributed to its franchisees. According to plaintiff's counsel, these materials by mutual agreement established detailed rules and standards and thereby gave Holiday Inns, Inc. the necessary "control or right to control

the methods or details of doing the work" of the franchisee. *See Murphy, supra* at 495, 219 S.E.2d at 877; *Wells v. Whitaker,* 207 Va. 616, 624, 151 S.E.2d 422, 429 (1966). In Virginia, whatever evidence has a tendency to prove an agency relationship is admissible for that purpose, and the intention of the parties is to be found in all the facts and circumstances of a particular case. *Eitel v. Schmidlapp,* 459 F.2d 609, 614 (4th Cir. 1972); *Hastings v. Bain,* 151 Va. 976, 983, 145 S.E. 735, 738 (1928). *Murphy,* therefore, will not be dispositive unless the plaintiff relies solely upon the licensing agreement.[1]

■ The second difference between *Murphy* and the present suit lies in the various legal theories alleged. In *Murphy,* plaintiff sought to prove an agency relationship and negligence on the part of the motel, thereby imputing negligence to Holiday Inns, Inc. Plaintiff Hayward has also advanced this theory (which is not foreclosed by *Murphy* for the reasons stated *supra*). However, plaintiff alternatively relies on warranty theories not presented in *Murphy.* Specifically, she contends that Holiday Inns, Inc. impliedly and expressly warranted to her (apparently through national advertising) that the hotel was safe for its intended use "and made other implied and express warranties," all of which were breached. It appears that, under Virginia law, a warranty action may be brought against the defendant. *See, e. g., Gravely v. Providence Partnership,* 549 F.2d 958, 960 (4th Cir. 1977); *Matthews v. Ford Motor Co.,* 479 F.2d 399, 402 (4th Cir. 1973); *Schnitzer v. Nixon,* 439 F.2d 940 (4th Cir. 1971); *Va. Code Ann.* §§ 8.01–223 (Repl. Vol.1977), 8.2–318 (1965). Unlike the negligence theory advanced in *Murphy,* the warranty theories in this case do not depend upon the existence of an agency relationship. In short, *Murphy* has no applicability to plaintiff's warranty claims.

For the foregoing reasons, defendant's motion for summary judgment is hereby DENIED.

---

1. Evidently the licensing agreement at issue in *Murphy* was identical to the one in this case; the plaintiff in *Murphy* was injured in 1971, the same year during which defendant Holiday Inns, Inc. and Triangle Inn Associates signed their licensing agreement.