**Myron Ray ELY, Appellee,**

v.

**Earl BLEVINS, Cora Blevins, Appellants,**

**and**

**R.F. Sturgill, Joe Anderson, Defendants.**

**No. 82–1848.**

United States Court of Appeals,
Fourth Circuit.

Argued March 10, 1983.

Decided May 3, 1983.

Wade W. Massie, Abingdon, Va. (G.R.C. Stuart, Penn, Stuart, Eskridge & Jones, Abingdon, Va., on brief), for appellants.

Mary Lynn Tate, Abingdon, Va. (Emmitt F. Yeary, Yeary, Tate, Detrick & Wright, P.C., Abingdon, Va., on brief), for appellee.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and ALDRICH,* Senior Circuit Judge.

PER CURIAM:

Plaintiff Ely and wife spent a night in July, 1979 at the Empire Motor Lodge, owned by defendants Blevins. After his wife had used the tub, plaintiff showered in the combination shower and bath. Finishing, he turned off the cold water, and immediately sought to turn off the hot. The handle, however, "just spun . . . around without meshing." Apparently the cap screw had loosened, and the splines were worn, and had disengaged. The water became extremely hot and, perhaps because of the temperature, or because he was 69 years old, plaintiff was not agile enough to avoid suffering second degree burns.

The case was tried to a jury on two counts; the first for negligence, the second for breach of warranty. While the court charged the jury with respect to each, unfortunately it submitted only a single set of verdict forms, resulting in the jury's returning a general verdict for the plaintiff. This means that if defendants' motion for a directed verdict as to either count should have been sustained, there must be a new trial.

"[T]o submit two counts for general verdict where the evidence does not justify recovery on both, constitutes error, since it cannot be told that the jurors did not take the wrong route. *Sunkist Growers, Inc. v. Winckler & Smith Citrus Prods. Co.,* 370 U.S. 19, 29–30, 82 S.Ct. 1130, 1136, 8 L.Ed.2d 305 (1962); *Wilmington Star Mining Co. v. Fulton,* 205 U.S. 60, 79, 27 S.Ct. 412, 419, 51 L.Ed. 708 (1907)." *Brochu v. Ortho Pharmaceutical Corp.,* 642 F.2d 652, 662 (1 Cir., 1981).

■ Defendants do not seriously complain with respect to the sufficiency of the evidence to justify a finding of negligence. There were no anti-skid strips or mat in the tub. The evidence warranted a finding that hot water could reach the shower at a temperature approximating 160°, and that, for personal use, this was excessively hot in case it emerged unmixed, as it could produce second degree burns in a matter of seconds. The plumbing fittings were old, and there were no procedures for inspection; defendants trusting to reporting by occupants or housemaids. The jury was warranted in finding that this was not reasonable care under the circumstances.

■ The problem arises with respect to the warranty count. Having explained negligence with respect to Count 1, the court charged the jury, succinctly, as follows.

"In order to recover for a breach of the implied warranty of suitability, the plaintiff must prove by a preponderance of the evidence as follows: One, that the fixtures or equipment were defective and unfit for ordinary purposes for which they were to be used, and, two, that as a proximate result the plaintiff was injured."

There was no requirement, in other words, of a showing of unreasonable conduct, or lack of care.

Plaintiff would justify this submission by our holding in *Schnitzer v. Nixon,* 439 F.2d 940 (4 Cir.1971). There a motel guest sat in what proved to be a defective chair, and was injured when it collapsed. The case was tried without jury. The court found defendants were not negligent, and dismissed the complaint. In reversing we said,

"Since this is a diversity case, we would follow the Supreme Court of Appeals of Virginia but unfortunately it has not explicitly expressed itself on warranty in the instant factual environment.

"Certainly, however, nothing in Virginia's jurisprudence, statutory or decisional, denies the availability of the implied war-

---

* Of the First Circuit, sitting by designation.

ranty—devoid of negligence—for a guest's recovery from his innkeeper for injuries caused by a weak fixture provided for the guest's use. Such an action lies in Virginia, appellees concede, for breach of implied warranty of merchantability or suitability in the *sale* of goods, *Gleason & Co. v. International Harvester*, 197 Va. 255, 88 S.E.2d 904 (1955), and for the wholesomeness of food and drink ·in its *sale, Levy v. Paul*, 207 Va. 100, 147 S.E.2d 722 (1966). These doctrines in reason and logic dictate recognition of actionable implied warranty on the part of the innkeeper." (Emphasis in orig.) 439 F.2d at 941.

The *Schnitzer* court then discussed an English case holding an innkeeper to an implied warranty of fitness, and concluded that two Virginia cases were "[i]dentical in principle": *Kirby v. Moehlman*, 182 Va. 876, 30 S.E.2d 548 (1944), and *Crosswhite v. Shelby Operating Corp.*, 182 Va. 713, 30 S.E.2d 673 (1944). With great respect, we cannot help noting that the Virginia court's opinions in both of these cases spoke sufficiently in terms of negligence and reasonable care to leave its views on absolute liability not free from doubt. However, our question is not whether this court was correct in its estimation of Virginia warranty law in 1970, but whether there are indicia today that call for a different resolution.

We start afield. *Schnitzer* was shortly followed by the Michigan court in *Jones v. Keetch*, 388 Mich. 164, 200 N.W.2d 227 (1972). Again a motel guest was injured by a defective chair. The court stated that it was irrelevant whether the plaintiff was to be considered a bailee or a lessee, and, following *Schnitzer*, held that there was a breach of implied warranty of fitness. It appears, however, that the Virginia court has not followed that route. In *Leake v. Meredith*, 221 Va. 14, 267 S.E.2d 93 (1980), plaintiff rented what proved to be a defective ladder from the defendant and the question of a lessor's liability arose. Plaintiff's suit for breach of warranty was dismissed. The court took the opposite view from *Keetch*, declining to align itself with those courts that apply the Uniform Commercial Code to leases. It is true that the court did not say, in so many words, that there was no common law implied warranty in addition to statutory warranties under the Code, but certainly its failure to find one would seem an eloquent omission.

We do not feel, under these circumstances, that we should find that the Virginia court would make a special rule in favor of an innkeeper's warranty. We are confirmed in this refusal by the realization that, while an innkeeper is often held to a specially high duty of care, the general rule, nationally, falls short of warranty. *See, e.g., Truett v. Morgan*, 153 Ga.App. 778, 266 S.E.2d 557 (1980); *Rappaport v. Days Inn of America, Inc.*, 296 N.C. 382, 250 S.E.2d 245 (1979); *Bearse v. Fowler*, 347 Mass. 179, 196 N.E.2d 910 (1964); *Early v. Lowe*, 119 W.Va. 690, 195 S.E. 852 (1938).

Finally, there is no possible merit in defendants' claim that plaintiff was contributorily negligent as matter of law. We have reviewed defendants' other contentions, but find them not to require comment. We trust that plaintiff's extreme jury argument will not be repeated; it was uncalled · for to talk about great national hotel tragedies, and the need to teach motel keepers lessons.

Reversed; new trial on Count 1.