## CIRCUIT COURT OF THE CITY OF RICHMOND

Landrum A. Gentry, Sr.

v.

Ryder Truck Rental, Inc.

March 5, 1987

Case No. LJ-608

By JUDGE T. J. MARKOW

This case is before the court on cross motions for partial summary judgment on the issue of plaintiff's lack of privity of contract with the defendant.

Defendant, Ryder Truck Rental, Inc., leased a truck to Allied Chemical Corporation. Allied contracted with plaintiff's employer to provide drivers for trucks leased from Ryder. Plaintiff was one of the drivers so provided. While operating the truck, plaintiff was injured when a "grab bar" he tried to use to exit the truck broke away from the truck causing him to fall.

In its contract with Allied, Ryder undertook the responsibility of providing maintenance and repairs, including all labor and parts which may be required to keep vehicles in good operating condition. Allied agreed not to allow repairs to be made except by persons approved by Ryder. Ryder also had the option of substituting vehicles where the one rented was inoperable. The contract limited drivers to employees of Allied or those under its direct control. The Ryder-Allied lease was silent as to warranties.

The plaintiff claims that Ryder breached implied common law warranties, that he was a third-party beneficiary to the contract with Allied, and that Ryder breached statutory obligations provided in §§ 46.1-308 and 46.1-308.1 of the Code of Virginia. Ryder says that as a lessor of personal property it made no common law warranties,

that it made no express warranties, and that regarding the fitness of the grab bar, even if there are warranties, they do not run to the plaintiff, as he is not in privity of contract with Ryder.

All agree that *Leake* v. *Meredith*, 221 Va. 14 (1980), holds that U.C.C. warranties and antiprivity provisions are not applicable to leases, as the U.C.C. applies only to the sale of goods and not their lease. Consequently, those warranties and antiprivity principles are not applicable to this case.

There is no Virginia case directly on point. In *Colonna* v. *Rosedale Dairy Co.*, 166 Va. 314 (1936), the court held that a seller of contaminated milk was not liable on breach of warranty principle to the buyer's child who was made sick, because there was no privity of contract between the seller and the child. Later, in *Harris* v. *Tractor Co.*, 202 Va. 958 (1961), the court found against an employee who made a claim against a seller of a defective crane to his employer, again citing lack of privity between the seller and the employee. That same year the Supreme Court of Virginia also held that the owner of a motel could not recover from the manufacturer of a defective window installed in his motel because of lack of privity of contract. *Bronze Corp.* v. *Kostopulos*, 203 Va. 66 (1961). Today, each of these cases would reach opposite results as each is governed by the Uniform Commercial Code, as each involves the sale of goods. Each is different from this case in that each involved sales of goods as opposed to a lease.

While the Supreme Court of Virginia in *Leake* v. *Meredith* held that the U.C.C. warranty provisions did not apply to leases, it was not asked to rule, nor did it rule on the issue of the existence of common law principles to such cases.

*Ely* v. *Blevins*, 706 F.2d 479 (4th Cir. 1983), cited by Ryder as the Fourth Circuit's prediction of how the Supreme Court of Virginia will rule on cases such as that here is not applicable, as *Ely* deals with the liability of innkeepers to guests rather than the liability of a bailor-for-hire or lessor of chattels to a third party, which is this case.

Chattel leasing has developed into a major industry in this country. Car dealers and lessors such as Ryder promote the virtues of leasing over purchasing

vehicles. There is casual auto leasing such as found at airports to be contrasted with long-term leasing such as that between Ryder and Allied. Lessors offer maintenance options as varied as the lease terms. They range from no maintenance by the lessor to full maintenance such as that offered Allied by Ryder.

Apparently similar, but totally different from the leasing arrangements previously discussed here is finance leasing. There the lessor advances money to purchase a product which it does not select and then leases it to the customer who has made the selection. This arrangement is to be distinguished from the present case and is not dealt with here.

Lessors of motor vehicles stand in a place similar to, and sometimes the same as, sellers. They place the vehicle into the hands of a party who has little or no ability to discover that the product is defective or, more importantly, to protect himself from such defects. Third parties are even further removed from any ability to detect and protect themselves from a defective vehicle. The parties best able to detect and protect from such defects are the manufacturers and the lessors of the product. They are the ones both the lessee and the third party look to for safe products and for recompense when unsafe products are placed in the stream of commerce. To whom else should they look? The lessee has no means of protecting himself from his own injuries or damages from defective products. The third party might look to the lessee, but he would not be liable unless he were negligent. The lessor is looked to by the lessee to provide a product that is reasonably fit for the purpose for which it was leased.

The only case cited by either party or which the court has been able to find, directly on point is *Cintrone v. Hertz Truck Leasing & Rental Service*, 45 N.J. 434, 212 A.2d 769 (1965). Cintrone was employed by the lessee of a truck owned by Hertz. While a passenger in the truck, he was injured when the brakes failed and a collision followed. A warranty of fitness for the rental period and for ordinary and expected purposes was implied. The court rejected arguments that such warranties were implied only in sales and, if implied at all, ran only to those who were in privity of contract with the lessor. The court stated:

There is no good reason for restricting such warranties to sales. Warranties of fitness are regarded by law as an incident of a transaction because one party to the relationship is in a better position than the other to know and control the condition of the chattel transferred and to distribute the losses which may occur because of a dangerous condition the chattel possesses.

*Id.* 212 A.2d at 775.

Under this lease arrangement Ryder made this truck available to Allied, knowing that if it was defective it would pose a danger to the public and/or to its operators. By making the vehicle available for use, it implied to Allied and all who used it that it was safe for use. Plaintiff should have been able to assume that the grab bar would not fail when used.

It would be unconscionable to allow the lack of privity of contract to shift the burden of loss to the plaintiff, the person in the worst position to discover defects and to bear the burden of any loss occasioned by defects.

Following *Cintrone* and for the reasons cited herein, the court will overrule the defendant's motion for partial summary judgment and will sustain the plaintiff's motion for partial summary judgment.