## CIRCUIT COURT OF THE CITY OF RICHMOND

Carl G. Cencewizki, II

v.

Browning-Ferris Industries
of South Atlantic, Inc.

June 21, 1993

Case No. LU-4171

BY JUDGE T. J. MARKOW

This case came before the court for argument on demurrer on May 27, 1993. The alleged facts, taken as true for purposes of this demurrer, reveal that Gregory Memorial Presbyterian Church leased a dumpster from defendant Browning-Ferris Industries (BFI), which plaintiff was using. While plaintiff was attempting to close the lid of the dumpster, the lid fell backwards and the operating lever severed his right thumb. The portions of plaintiff's claim which relied on implied warranties under Title 8.2A of the Code of Virginia, and on express warranties, were dismissed by demurrer on April 22, 1993. In his Amended Motion for Judgment, plaintiff proceeds on theories of negligence and breach of common law warranty, seeking compensatory and punitive damages. Defendants demur to the claims for breach of warranty and for punitive damages.

As to the demurrer to the breach of warranty claim, defendant contends that Virginia common law does not recognize a cause of action for breach of warranty under a lease. In the alternative, defendant argues that even if the cause of action exists, the plaintiff must be in privity of contract with the defendant, which was not the case here since the church was the lessor and the plaintiff was a third-party user.

This court addressed both of these issues, in the context of a truck rental arrangement, in *Gentry v. Ryder Truck Rental, Inc.*, 8 Va. Cir.

360 (1987). In that case, after recognizing that the U.C.C. provisions on warranty and antiprivity did not apply, I found that:

> [l]essors of motor vehicles stand in a place similar to, and sometimes the same as, sellers. They place the vehicle into the hands of a party who has little or no ability to discover that the product is defective or, more importantly, to protect himself from such defects. Third parties are even further removed from any ability to detect and protect themselves from a defective vehicle. The parties best able to detect and protect from such defects are the manufacturers and the lessors of the product.

*Id.* at 362.

What applied to vehicles in the *Gentry* case applies equally to the dumpster in the instant case. Lessors and sellers occupy practically identical positions vis-a-vis the products they supply. The Restatement recognizes this similarity, finding that "[a] lessor who leases a chattel for the use of others, knowing or having reason to know that it is or is likely to be dangerous for the purpose for which it is to be used, is subject to liability as a supplier of the chattel." Restatement (Second) of Torts § 407 (1965). The lessor here made the dumpster available to the lessee, and in doing so implied its safety for users as well as for the lessor. "It would be unconscionable to allow the lack of privity of contract to shift the burden of loss to the plaintiff, the person in the worst position to discover defects and to bear the burden of any loss occasioned by defects." *Gentry*, 8 Va. Cir. at 362.

Defendant also asserts that the arrangement between the parties was not actually a lease of the dumpster, but rather a service contract for waste removal, to which the provision of the dumpster was merely incidental. However, at oral argument it was noted that under the agreement, charges for services and equipment were broken down separately. Additionally, plaintiff has alleged a lease and on demurrer this well-pleaded fact must be taken as being true. Defendant's demurrer on the warranty/privity issue is overruled.

As to the demurrer to the punitive damages, defendant contends that the statutory cap of $350,000 set forth in Va. Code Ann. § 8.01–38.1 precludes plaintiff from alleging $1 million in punitive damages. However, the statutory cap limits the amount which may be recovered, not the amount which may be asserted and proven. *Etheridge v. Medical*

*Center Hospitals*, 237 Va. 87 (1989), which upheld the constitutionality of the medical malpractice damages cap, discussed the potential infringement upon the right to trial by jury which the cap implicated. The court noted that "[a] trial court applies the remedy's limitation only *after* the jury has fulfilled its fact-finding function. Thus, Code § 8.01–581.15 does not infringe upon the right to a jury trial because the section does not apply until after a jury has completed its assigned function in the judicial process." *Id.* at 96. The court also found that "although a party has the right to have a jury assess his damages, he has no right to have a jury dictate through an award the legal consequences of its assessment." *Id.*

While the foregoing findings of our Supreme Court were made in reference to a different code section, the reasoning for the instant section is exactly the same. The right to trial by jury encompasses the right to an assessment of damages. The statutory cap on recovery does not come into play until the jury has completed that function. The demurrer is overruled on this issue.