BONAFINI vs. G6 HOSPITALITY PROPERTY, LLC, 101 Mass. App. Ct. 612

 
 JOHN F. BONAFINI, personal representative, [Note 1] vs. G6 HOSPITALITY PROPERTY, LLC, & others. [Note 2]

101 Mass. App. Ct. 612
 January 13, 2022 - September 1, 2022

Court Below: Superior Court, Hampden County
Present: Rubin, Wolohojian, & Blake, JJ.

 

No. 20-P-1409.

Negligence, Hotel, Wrongful death, Duty to prevent harm. Wrongful Death. Practice, Civil, Judgment on the pleadings.

In a wrongful death action arising out of the suicide of the plaintiff's decedent, who was a guest at a motel, the judge properly allowed a motion for judgment on the pleadings in favor of the defendants (the motel and two of its employees), where, even assuming that the innkeeperguest relationship fell within one of the limited circumstances in which a duty existed to take reasonable steps to prevent suicide, such a duty would not have arisen under the facts alleged, given that, although the decedent's family informed the defendants of their concerns for him, the defendants were not alleged to have had actual knowledge that the decedent had recently attempted suicide, or that he had stated plans or intentions to commit suicide. [613-615]

Civil action commenced in the Superior Court Department on January 22, 2018.

 The case was heard by John S. Ferrara, J., on a motion for judgment on the pleadings.

 Jeffrey S. Beeler for the plaintiff.

 Paul Bradford Lewis for the defendants.

 WOLOHOJIAN, J. Michael C. Bonafini took his life while he was a guest in a Motel 6. In this wrongful death action, the personal representative of Bonafini's estate [Note 3] seeks to recover from the entities doing business as the Motel 6 in Chicopee (collectively, the innkeeper) and two of their employees on the theory that they breached their duty of care to take reasonable steps to prevent Bonafini's suicide. Specifically, the plaintiff contends that the 

 Page 613 

defendants should have called the police to conduct a wellness check. We affirm the judgment dismissing the complaint because, even assuming that Massachusetts would recognize a duty on the part of an innkeeper to take reasonable steps to prevent a guest's suicide, no such duty arose in the circumstances alleged here.

 Factual background. [Note 4] Bonafini checked into the Motel 6 in Chicopee on Thursday, March 5, 2015. Shortly afterwards, Bonafini began communicating with family members, and they became aware that he was at risk of attempting to kill himself. The next day, Bonafini's mother went to the motel to look for him and to try to help him. While there, the mother told defendant James Vanhoy, a service representative at the motel, that Bonafini was at risk of suicide and needed assistance. Vanhoy would not give the mother Bonafini's room number, but he did call Bonafini's room. Bonafini said he did not wish to be disturbed.

 Bonafini's mother returned to the motel the following day and again asked for Bonafini's room number, saying that Bonafini was at risk of suicide and that she needed his room number to assist him. A motel employee again refused to provide the room number, but placed a call to Bonafini in his room. This time, Bonafini answered the call but immediately hung up.

 The following morning, Bonafini's wife went to the motel to try to address his well-being. Motel employees refused to assist Bonafini's wife or to contact Bonafini before his noon checkout time. At noon, defendant Laura A. Denis (manager of the motel) and two other motel employees forcibly entered Bonafini's room and discovered that he had hanged himself.

 Discussion. The plaintiff asks that, as a matter of first impression, we impose on innkeepers a duty to prevent their guests from suicide. Innkeepers have a special relationship with their guests and, accordingly, in certain circumstances may have an affirmative duty to take reasonable steps to prevent certain kinds of harm. See, e.g., Fund v. Hotel Lenox of Boston, Inc., 418 Mass. 191, 192-193 (1994) (duty to maintain adequate security system to prevent guest from being stabbed by intruder); Bearse v. Fowler, 347 Mass. 179, 181 (1964) (duty to take reasonable care of 

 Page 614 

premises); McFadden v. Bancroft Hotel Corp., 313 Mass. 56, 59 (1943) (duty to take reasonable steps to protect guest from assault by another guest); Addis v. Steele, 38 Mass. App. Ct. 433, 436 (1995) (duty to take reasonable steps to protect guests from fire set by arsonist). See also Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 40(b)(2) (2012). But we have not yet imposed on innkeepers an affirmative duty to rescue, including to prevent a guest's suicide. See 40A Am. Jur. 2d Hotels, Motels, & Restaurants § 69 (2022). Appellate courts in other States that have considered the issue have declined to impose on innkeepers a duty to prevent suicide. [Note 5]

 That said, outside of the innkeeperguest relationship, the Supreme Judicial Court has recognized other types of special relationships that may give rise, in appropriate circumstances, to a duty to prevent suicide. See Dzung Duy Nguyen v. Massachusetts Inst. of Tech., 479 Mass. 436, 452-453 (2018) (Nguyen) (universitystudent); McNamara v. Honeyman, 406 Mass. 43, 55 (1989) (hospitalinstitutionalized patient); Slaven v. Salem, 386 Mass. 885, 887 (1982) (jailorprisoner). Such relationships differ from those of an innkeeper to its guests because they have a custodial quality, involve a form of dependency or protection, and are of longer duration than is typical of hotel guests. The court has stressed that this "is definitely not a generalized duty to prevent suicide." Nguyen, supra at 455. Nonetheless, these cases demonstrate that, in "limited circumstances," id., the Supreme Judicial Court has been willing to recognize that some special relationships may give rise to a duty to take reasonable steps to prevent suicide.

 We need not decide whether an innkeeperguest relationship falls within one of these limited circumstances because, even if it 

 Page 615 

does, the duty would not arise under the facts alleged here. Specifically, even where there is a special relationship of the sort that includes a duty to take reasonable steps to prevent a person's suicide, that duty is triggered only by actual knowledge of either (1) the person's recent suicide attempt, or (2) the person's stated plans or intentions to commit suicide. See Nguyen, 479 Mass. at 453 ("Where a university has actual knowledge of a student's suicide attempt that occurred while enrolled at the university or recently before matriculation, or of a student's stated plans or intentions to commit suicide, the university has a duty to take reasonable measures under the circumstances to protect the student from self-harm" [footnote omitted]). In other words, the duty to act is precipitated when the person at risk has manifested suicidal behavior or articulated suicidal ideation and the person with whom he or she has a special relationship has actual knowledge of it. This limitation makes sense, especially in the context of innkeepers, because they usually are unlikely to know much -- if anything -- about their guests.

 Here, the defendants are not alleged to have had actual knowledge that Bonafini had recently attempted suicide, or that he had "stated plans or intentions to commit suicide." Nguyen, 479 Mass. at 453. Instead, all that is alleged is that Bonafini's mother and wife informed motel employees that Bonafini was at risk of suicide, and asked for his room number so they could assist him. They did not tell the employees that Bonafini had stated an intention or plan to commit suicide or that he had recently attempted suicide. Bonafini himself is not alleged to have told motel employees anything other than that he wished not to be disturbed. The employees are not alleged to have observed anything about Bonafini that would suggest he had suicidal intentions, nor is he alleged to have told them that he did. Although we recognize that the defendants were informed by Bonafini's family of their concerns for him, this - without more -- is not enough to have triggered a duty on the defendants to rescue, as tragic as the consequences of inaction were.

 Judgment affirmed.

FOOTNOTES
[Note 1] Of the estate of Michael C. Bonafini. 

[Note 2] G6 Hospitality, LLC; Motel 6 Operating L.P.; James Vanhoy; and Laura A. Denis. 

[Note 3] We refer to Michael C. Bonafini as "Bonafini" and to the personal representative of his estate as "the plaintiff." 

[Note 4] In reviewing the allowance of a motion for judgment on the pleadings pursuant to Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974), we take the well-pleaded factual allegations of the complaint and the admissions or failures of denial presented by the answer, in the light the light most favorable to the plaintiff. See Ridgeley Mgt. Corp. v. Planning Bd. Of Gosnold, 82 Mass. App. Ct. 793, 797 (2012). 

[Note 5] See Rasnick v. Krishna Hospitality, Inc., 289 Ga. 565, 567-568 (2011); La Quinta Inns, Inc. v. Leech, 289 Ga. App. 812, 817 (2008); Donaldson v. Young Women's Christian Ass'n of Duluth, 539 N.W.2d 789, 793 (Minn. 1995). 

 The plaintiff relies heavily on Sneider v. Hyatt Corp., 390 F. Supp. 976, 980 (N.D. Ga. 1975), in which a Federal District Court judge, purporting to apply Georgia law in a diversity action, denied the defendant hotel's motion for summary judgment where there were disputed facts about whether the hotel's employees knew of the decedent's suicidal tendencies, such that "liability [might] be imposed . . . for negligence [by the hotel] in preventing [the plaintiff] from saving decedent's life." That case, however, involved only a ruling on a summary judgment motion; liability on the plaintiff's theory was never firmly established. In any event, later cases from Georgia courts have turned away from the reasoning applied in Sneider. See La Quinta Inns, Inc., 289 Ga. App. at 817 & n.5.

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.