NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-652

DIANNA GRACE REUTER

vs.

HOSTELLING INTERNATIONAL USA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Dianna Grace Reuter, appeals from an order denying her motion for reconsideration or to vacate a judgment dismissing her amended Superior Court complaint against the defendant, Hostelling International USA.  We affirm.

We recite the pertinent facts as alleged in the amended complaint and accept them as true for purposes of this appeal.  See Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  The plaintiff enrolled as a first-year student at a Boston law school for the fall 2022 semester.  She arrived at the defendant's Boston hostel on August 15, 2022, intending to stay until she found a permanent apartment with roommates.  The plaintiff purchased an annual membership from the defendant and bought, stored, and cooked food in the communal kitchen.

Soon after midnight on August 18, the plaintiff exited the shower near her room and was still wrapped in a towel when a male hostel employee approached without identifying himself. The employee commanded her to leave immediately because she had "slept on the floor." She tried to reach a compromise but was ejected without even a chance to fully clothe herself or retrieve her food from the communal kitchen. Worse yet, she was due at the law school later that day for orientation, where she arrived unkempt, in shock, and "with her belongings in tow." The plaintiff fell behind in her studies at law school, which she attributed to the defendant's conduct.

The plaintiff's amended complaint asserted tort claims labeled as negligence per se and intentional infliction of emotional distress. A Superior Court judge granted the defendant's motion to dismiss, concluding that the plaintiff had not plausibly pleaded a claim of intentional infliction of emotional distress, that the alleged damages did not meet the Superior Court's jurisdictional threshold, and that the damages sought were barred by the economic loss doctrine. The plaintiff moved for reconsideration, attaching to her motion (1) a "Sidewalk Plan" to address homelessness and beautify the streets of Boston and (2) a statement of monetary damages, which listed $192,127.75 in various categories unrelated to any physical injury or property damage caused by the defendant, except

2

perhaps twenty-five dollars for food and milk "taken" by the defendant and an amount "TBD" for counseling. The judge denied the motion, and this appeal followed.

When reviewing a dismissal for failure to state a claim we "proceed de novo and consider the same pleadings as the motion judge," accepting all factual allegations as true and drawing any reasonable inferences in the plaintiff's favor. Baker v. Wilmer Cutler Pickering Hale & Dorr LLP, 91 Mass. App. Ct. 835, 842 (2017). "[W]e look beyond the conclusory allegations in the complaint and focus on whether the factual allegations plausibly suggest an entitlement to relief." Curtis, 458 Mass. at 676.

The facts alleged in the amended complaint suggest that one of the defendant's employees inexplicably ordered the plaintiff to leave the hostel, resulting in hardship to the plaintiff. On appeal, however, the plaintiff does not argue that the motion judge erred in dismissing the claim of intentional infliction of emotional distress. Instead, the plaintiff asks us to conduct "review of the amended complaint under the tort of negligence or negligence per se." Negligence per se is not a recognized cause of action in Massachusetts. See Juliano v. Simpson, 461 Mass. 527, 532 (2012). We therefore address whether the plaintiff plausibly alleged a claim of negligence.

"As a general principle of tort law, every actor has a duty to exercise reasonable care to avoid physical harm to others."

3

Remy v. MacDonald, 440 Mass. 675, 677 (2004).  Innkeepers "owe a duty to take steps to protect their guests against unreasonable risk of physical harm."  Addis v. Steele, 38 Mass. App. Ct. 433, 436 (1995).  See Bonafini v. G6 Hospitality Prop., LLC, 101 Mass. App. Ct. 612, 613-614 (2022).

The amended complaint lacked any allegations of physical harm.  "While detailed factual allegations are not necessary, to be sufficient a complaint must nevertheless provide more than labels and conclusions" (quotations and citation omitted).  Kelleher v. Lowell Gen. Hosp., 98 Mass. App. Ct. 49, 51 (2020).  Although the complaint alleges seemingly arbitrary misconduct by an employee of the defendant, it alleges an intentional act.  Intentional conduct cannot also be negligent.  See Waters v. Blackshear, 412 Mass. 589, 590 (1992); Sabatinelli v. Butler, 363 Mass. 565, 567 (1973).

Moreover, the plaintiff failed to allege that the injuries she suffered "involved physical harm or property damage, and not solely economic loss."  Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc., 455 Mass. 458, 469 (2009).  In a portion of the amended complaint titled "proximate cause," the plaintiff discussed being turned out into the street and the attendant effects on her law school performance; the paragraph labeled "harm" discussed the defendant's lack of altruism and failure to address her response to its online survey; and under "remedy,"

4

the plaintiff sought a variety of injunctive relief concerning the defendant's future conduct.  She did not allege injury or seek damages based on harm to her person or property.

In her motion for reconsideration, the plaintiff attempted to cure the insufficiency of her complaint by submitting a statement of monetary damages.  The judge correctly disregarded the statement because, on a motion to dismiss, the judge may not consider "extraneous materials."  Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985).  "Pleadings must stand or fall on their own."  Id.  Although a motion for reconsideration may be based on newly discovered evidence or information, see Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., 82 Mass. App. Ct. 461, 470 (2012), nothing about the statement of damages suggests that the information in it was discovered after the amended complaint was dismissed.  While "some leniency is appropriate" for self-represented litigants, the rules of procedure "bind a pro se litigant as they bind other litigants." Mmoe, supra.

Because the judge properly dismissed the amended complaint,

5

he did not abuse his discretion by denying the motion for reconsideration or to vacate the judgment.

Order denying motion to reconsider or vacate the judgment affirmed.

By the Court (Meade, Massing & Sacks, JJ.[1]),

Assistant Clerk

Entered:  February 8, 2024.

---

[1] The panelists are listed in order of seniority.