EDWARD KORNATOWSKI *vs.* FAMILY MUTUAL SAVINGS BANK. March 15, 1983. The plaintiff appeals from the denial of a petition treated under G. L. c. 211, § 3.[1] We affirm the denial of the petition. "We exercise our powers under G. L. c. 211, § 3, sparingly, to prevent irreparable loss of significant rights when the normal course of trial and appeal will not provide adequate protection, or to resolve pressing, recurrent issues of proper administration of justice." *Hadfield* v. *Commonwealth,* 387 Mass. 252, 255 n.2 (1982).

Treating this matter as an appeal from the Superior Court, there was no error in the dismissal of the plaintiff's complaint. In his papers, the plaintiff alleges fraud, misconduct, and bad faith by the defendant, resulting in a lost sale of his property. The papers are long, prolix, and rambling. The papers do not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Mass. R. Civ. P. 8 (a) (1), 365 Mass. 749 (1974). "A pro se litigant is bound by the same rules of procedure as litigants with counsel." *International Fidelity Ins. Co.* v. *Wilson,* 387 Mass. 841, 847 (1983).

Assuming, without deciding, that we may read the complaint as alleging fault and fraud on the part of the defendant because it did not permit the plaintiff's mortgage to be assumed by a new buyer, there is no error. Due-on-sale clauses are valid.[2] See *Dunham* v. *Ware Sav. Bank,* 384 Mass. 63 (1981).

The order of the single justice dismissing the plaintiff's petition is affirmed. The judgment of the Superior Court dismissing the plaintiff's complaint is affirmed.

*So ordered.*

*Edward Kornatowski,* pro se.

---

[1] The defendant's petition was a "Sovereign Citizen Sovereign Immunity Motion to Vacate Dismissal of 8/12/82." We treat that as a petition for relief under G. L. c. 211, § 3.

[2] The papers filed indicated that it was the Massachusetts Housing Finance Agency which would not permit the transfer unless the mortgage was reduced. On the view we take of the merits, we need not decide whether all necessary parties have been joined.