MARY MMOE vs. COMMONWEALTH & others.[1]

Suffolk. May 10, 1984. — January 10, 1985.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Complaint, Judicial discretion, Self-representation, Motion to dismiss.

In ruling on a motion to dismiss in a civil action, the judge erred in considering oral representations made at the three-day hearing on the motion and extraneous written materials not incorporated by reference in the complaint. [620]

Where the defendants in a civil action had moved to dismiss on the grounds that the complaint failed to comply with the requirements of Mass. R. Civ. P. 8 (a) & (e), and 10 (b), the judge erred in denying the motion upon a finding that the complaint stated several claims upon which relief could be granted. [620-621]

CIVIL ACTION commenced in the Superior Court Department on February 12, 1981.

A motion to dismiss was heard by *John Paul Sullivan,* J., and the case was reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

*Roberta Thomas Brown,* Assistant Attorney General, for the Commonwealth & others.

*Mary Mmoe,* pro se.

O'CONNOR, J. We consider a challenge to an order of a judge of the Superior Court denying a motion to dismiss. The defendants allege that Mmoe's amended complaint violates the requirements of Mass. R. Civ. P. 8 (a) & (e), 365 Mass. 749 (1974), and 10 (b), 365 Mass. 752 (1974). We reverse and remand the case to the Superior Court.

---

[1] John F. Dunn, Frederic O'Brien, Robert Muldoon and Edward Barshak, individually and as members of the Board of Bar Examiners; Francis X. Bellotti, individually and as Attorney General, Thomas Kiley and Leah Crothers, individually and as Assistant Attorneys General.

The defendants filed various motions in response to the plaintiff's original complaint. Before the judge acted on them, however, the plaintiff, a law school graduate who appears pro se, amended her complaint. The amended complaint has 35 pages and contains 174 numbered paragraphs separated into 30 counts. Alleging that the amended complaint failed to comply with rules 8 (a) & (e), and 10 (b), the defendants moved for dismissal. See Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974). In relevant part, rule 8 (a) requires that a pleading that sets forth a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 (e) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." In the interests of clarity, rule 10 (b) addresses the organization of averments and claims. Rule 41 (b) (2) provides that "[o]n motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff . . . to comply with [the rules of civil procedure]."

The judge conducted nearly three days of hearings to enable "the plaintiff to outline orally her claim and the defendant[s] to make . . . their arguments . . . in support of their . . . motions." The plaintiff and counsel for the defendants attended, made oral statements, and furnished exhibits to the judge. During the hearing, the judge stated repeatedly that he did not understand the plaintiff's claims. For instance, he said that he had read the amended complaint three or four times, and that he "ha[d] to admit that [he] still, having read it and re-read it, [did] not have a handle on what the claim is." Near the end of the hearing, apparently addressing his remarks to the plaintiff, the judge stated, "I clearly have a better impression of what you're alleging as a result of this conversation, than I do from the papers. And I've only done that because of the pro se aspects and the emotional involvement that you have in this case. It's a very unusual proceeding that we went through today. The fact of the matter is, though, that the papers that [start] the case, the complaint, do control the scope of the case in many ways, including discovery and including concepts of res judicata and so forth and so on."

The judge denied the defendants' motion to dismiss and reported the propriety of his order to the Appeals Court. We allowed the defendants' application for direct appellate review.

In his memorandum of decision, the judge explained that he had conducted the hearing pursuant to the inherent power of the Superior Court, as articulated in *Fanciullo* v. *B. G. & S. Theatre Corp.*, 297 Mass. 44, 51 (1937), "to do justice and to adopt procedure to that end." The memorandum states: "At the hearing, the court allowed the pro se plaintiff to articulate her claims orally *as an alternative method of providing the defendants with adequate notice* under the provisions of Mass. R. Civ. P. 8 and 9. The court has analyzed the plaintiff's pleadings and the oral outline of allegations she articulated at the hearing." (Emphasis added.) In the memorandum the judge set forth a "statement of the case" based on "[t]he allegations included in the complaint and annexed affidavits and exhibits on file together with the oral outline articulated by the plaintiff at the hearing," and he wrote that he "considered the allegations in the plaintiff's amended complaint, statements of defense counsel and the plaintiff together with the exhibits introduced at the September, 1982 hearing which include transcripts of hearings before other tribunals. Based upon an analysis of this information, the plaintiff's allegations appear to support relief on ten distinct theories of recovery." Before discussing those theories, the judge stated his conclusion that the "plaintiff's statement of claims gives fair notice to the defendants and is thus adequate to withstand a motion to dismiss *under Mass. R. Civ. P. 12 (b) (6)*. See *Shaw* v. *Siegel,* 13 Mass. App. Ct. 258, 266 (1974)." (Emphasis added.)

We recognize that the judge was sensitive to the difficulties of the pro se plaintiff, and that he obviously was motivated by a desire to tailor a procedure to the necessities of the situation in order that justice might be done. However, we conclude that he committed reversible error in two ways: first, in ruling on the defendants' motion he considered not only the complaint, but also independent oral statements and written materials; and second, he applied to the amended complaint a Mass. R. Civ. P. 12 (b) (6) type of analysis.

The broad powers of a Superior Court judge to adopt procedures to promote justice, see *Fanciullo* v. *B. G. & S. Theatre Corp., supra* at 51, do not include the power to fashion procedures in disregard of the Massachusetts Rules of Civil Procedure. Although some leniency is appropriate in determining whether a pro se complaint meets the requirements of those rules, see *Sisbarro* v. *Warden, Massachusetts State Penitentiary,* 592 F.2d 1, 2 (1st Cir.), cert. denied, 444 U.S. 849 (1979); *Haines* v. *Kerner,* 404 U.S. 519, 520 (1972), the rules bind a pro se litigant as they bind other litigants. *Kornatowski* v. *Family Mut. Sav. Bank,* 388 Mass. 1011 (1983). *International Fidelity Ins. Co.* v. *Wilson,* 387 Mass. 841, 847 (1983). Pleadings must stand or fall on their own. Oral representations and extraneous materials not incorporated by reference can neither add to nor detract from them. Appropriate defense motions and answers are not possible in the absence of a complaint that, unsupplemented by oral or written material, sets forth plainly, concisely, and directly the plaintiff's claims. Furthermore, nothing in the rules of civil procedure authorizes a judge to recast a complaint in a form that corresponds to the judge's view of what claims the plaintiff intended but failed adequately to set forth. The judge should not have gone beyond the complaint when he ruled on the defendants' motion.

Nor should the judge have focused his inquiry on whether the amended complaint stated one or more claims on which relief can be granted. See Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). Although after the disposition of their motion based on rules 8 (a) & (e), and 10 (b), the defendants may file a motion under rule 12 (b) (6), the motion before the judge did not raise 12 (b) (6) issues. The defendants did not argue those issues, and they had no reason to believe that they should have done so. The defendants relied solely on rules 8 (a) & (e), and 10 (b), but the judge ignored those rules. The judge's decision that the amended complaint states several claims upon which relief could be granted does not respond to the defendants' argument that the document is so verbose, repetitive, argumentative, and confusing, that they cannot fairly be expected to respond to it.

The defendants' motion invokes the discretionary authority of the trial judge to dismiss under rule 41. Dismissal of a complaint for failure to meet the pleading requirements of rule 8 is, as rule 41 (b) (2) provides, a matter of discretion for the judge. See *Schmidt* v. *Herrmann,* 614 F.2d 1221, 1223 (9th Cir. 1980); *In re "Santa Barbara Like It Is Today" Copyright Infringement Litigation,* 94 F.R.D. 105, 109 (D. Nev. 1982); 5 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1217 (1969). The defendants are entitled to a proper exercise of that discretion. A judge must consider whether the amended complaint is so verbose and confusing that it fails to give the defendants "fair notice of what the plaintiff's [claims are] and the grounds upon which [they rest]." *Conley* v. *Gibson,* 355 U.S. 41, 47 (1957). If it fails to do that, the defendants are entitled to a determination whether dismissal with prejudice, dismissal with leave to amend further, or other relief, is most appropriate. Since the discretion rests with the trial judge this court ought not exercise it in the first instance. See *Gillibeau* v. *Richmond,* 417 F.2d 426, 431 (9th Cir. 1969).[2] Accordingly, we reverse the order denying the defendants' motion to dismiss, and we remand the case to the Superior Court for proceedings consistent with this opinion.

*So ordered.*

---

[2] We decline to "appoint an unbiased attorney to represent the Commonwealth and any agent of the Commonwealth that is a party," as urged by the plaintiff. Consequently, we take no action on the defendants' motion to strike the part of the plaintiff's brief that is addressed to that subject.