Staff, J.
This is an action of contract in which the plaintiff seeks to recover $11,885.87 for legal services rendered to the defendant. The defendant filed an answer pro se admitting that she owed the plaintiff $3,300 but not the amount claimed by the plaintiff. Plaintiff filed interrogatories which defendant did not timely answer. Utilizing the summary procedure provided in Dist./Mun. Cts. R. Civ. P., Rule 33, the plaintiff made application for judgment and in due course, the clerk entered judgment for the plaintiff in the amount alleged in the complaint as being due.
The defendant eventually engaged present counsel and the case comes before us on the denial of defendant’s motion to supersede execution, remove default judgment and answer interrogatories which was filed some four months after the entry of judgment.
In support of the motion, defendant filed an affidavit showing that she had received three bills in the amount of $3,300 for the services rendered by the plaintiff and that after requesting an itemization of the bill, plaintiff sent an itemized bill in the amount of $11,885.87, the amount claimed in this action.
The motion itself, which is not sworn to, alleges as reason for its allowance that defendant had suffered a hand injury which required surgery and constant attention.
Defendant argues (1) that an unrepresented party should be “given extra leeway” in responding to pleadings and (2) that the judge erred in denying defendant’s motion.
*201 As to defendant’s first argument, while it is true that the court may often not require a pro se defendant to adhere to the same standards in some matters required of a lawyer, the court may not alter the rules by which all are bound. Mmoe v. Commonwealth, 383 Mass. 617, 620 (1985); Kornatowski v. Family Mutual Savings Bank, 388 Mass. 1011 (1983); International Fidelity Insurance Company v. Wilson, 387 Mass. 841, 847 (1983).
In the Mmoe case error was found when a trial judge permitted a pro se defendant to augment her complaint verbally. In the Kornatowski case, the Superior Court judge’s action of dismissing the plaintiffs complaint was sustained in a rescript opinion where the complaint did not contain “a short and plain statement of the claim showing that the pleader is entitled to relief.” Mass. R. Civ. P. Rule 8(a)(1), 365 Mass. 749 (1974).
In International Fidelity Insurance Company v. Wilson, supra, a pro se defendant failed to move for a directed verdict at trial. On appeal, he challenged the sufficiency of the evidence. Noting that a party has no standing to argue sufficiency of the evidence where there was no motion for the directed verdict, the Supreme Judicial Court held “[t]he right of self representation is not a license not to comply with relevant rules of procedural and substantive law.”
In this case, the defendant was charged with a much less technical duty than the pro se parties in the case cited. She did not bother to respond at all to plaintiffs interrogatories. Common sense would indicate that if pro se parties are expected to draw up adequate pleadings and make fairly technical motions, then an outright failure to respond to the interrogatories could hot be condoned.
As to defendant’s second argument, a motion for relief from judgment brought under Dist./Mun. Cts. R. Civ. P., Rule 60(b)(1) is addressed to the judge’s judicial discretion and a clear abuse of discretion must be shown for reversal by an appellate court. See Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979) for a discussion of the standards which apply for a motion brought under this rule.
A thorough discussion of the expression “discretion of the court” is found in Davis v. Boston Elevated Railway, 235 Mass. 482- 496-497 and there the meaning of “abuse of discretion” is succinctly and pithily summarized at 502 with “ [N]o conscientious judge, acting intelligently, could honestly have taken the view expressed by him.”
The record indicates and the parties in oral argument agreed that no hearing before the court was afforded on the issue of assessment of damages after the default. Since the claim was one for attorney’s fees, an assessment of damages by the court, with an opportunity to participate afforded the defendant should have occurred. See M. Clifton Edson & Son v. McConnell, 9 Mass. App. Ct. 930 (1980); McKenney v. Metropolitan Property and Liability Co., 1985 Mass. App. Div. (N.D.); Sound Sellers, Inc. v. Kaitz, 1981 Mass. App. Div. 36, 37; Compare Plasko v. Orser, 373 Mass. 40, 44 (1977).
The claim here is by defendant’s former lawyer for legal services and is not “for a sum certain or for a sum which can by computation be made certain.” See Dist./Mun. Cts. R. Civ. P.,Rule 55(b)(1). In such a sensitive area and especially in the context of a defaulting defendant, such a claim deserves the scrutiny of the court. Courts are generally deemed to possess inherent power to pass on the reasonableness of counsel fees charged in connection with any matter before them. Baumrin v. Cournoyer, 448 F. Supp. App. 225 (D.C. Mass. 1978).
*202 The defendant here conceded liability; the sole contest related to the reasonableness of the charge. In such circumstances, a defendant might voluntarily suffer a default and abide an assessment hearing to set forth his position. Even assuming arguendo an agreement as to the hourly charge and the number of hours claimed the question remains as to whether the hours claimed represented a prudent and efficient use of time. Neither the hours spent or any other single factor is necessarily decisive of what is to be considered a fair and reasonable charge. Cummings v. National Shawmut Bank, 284 Mass. 563, 569 (1933).
The issue of whether damages-were properly assessed by the clerk is properly before us because we are reviewing the exercise of the motion judge’s discretion denying relief from judgment. A necessary factor in the exercise of such discretion is the question whether, on the fact of matters, the judgment was regularly and properly entered. For a case in which, in a motion for relief from judgment, the amount of damages awarded (at an assessment hearing) were changed, see Jabaily v. Cullen, 18 Mass. App. Ct. 943, 945 (1984).
The facts in Walsh Sheet Metal Works, Inc. v. Naser, 1983 Mass App. Div. 265, a case decided by this division, are somewhat similar to the case at bar. We distinguish it for the reasons that the matter of an assessment of damages hearing was not addressed, briefed, or argued, and was thus deemed waived.
In view of the action taken herein, we deem the motion of defendant to strike portions of plaintiffs brief to be waived.
Accordingly, the trial court’s denial of defendant’s motion for relief from judgment is vacated as to the amount of damages and the case is remanded for a hearing on the assessment of damages and for further action in accordance with this opinion.
So ordered.