Bohn, J.
On January 13, 1987, a review examiner of the Division of Employment Security of the Commonwealth of Massachusetts affirmed a determination entered on behalf of the Director which established the plaintiffs unemployment compensation at a rate of $65.00 per week Without seeking further review of the examiner’s determination by the Board of Review, as provided for by G.L. c. 151, §42, the plaintiff sought immediate review by a district court. On July 10, 1987, a judge of the district court affirmed the decision of the Director.
On August 7,1987, the plaintiff filed a notice of appeal with the district court and, on August 11, 1987, a draft report. On November 23, 1987, the district court judge disallowed the draft report and dismissed the plaintiffs claim of appeal. The plaintiff then filed a petition to establish a report with this court.
Where relevant, par- graph 4 of Dist./Mun. Cts. Supp. R. Civ. P., Rule 140 provides as follows:
Whenever a draft report is disallowed by the trial justice as not conformable to the facts or for any other cause.. .the party seeking the same may within five days after notice of such disallowance.. .file with the clerk his petition [to establish ], including a copy of the draft report so disallowed. .., and five copies thereof verified by affidavit of the party or his attorney setting forth in full his claim of appeal and all the facts material thereto. . ..
In the present case, the appellant’s Petition to Establish a Report consists of five short, unrelated paragraphs stating in its entirety as follows:
‘To the Presiding Justice of the Appellate Division:
“The above Court in Woburn, did not set a hearing date on this Case in 1981, as it did with another D.E.S. Case I had in 1981!
‘This case was disallowed and dismissed on a unsigned notice dated Nov. 23, 1987 and sent Nov. 24, I received it on Wednesday Nov. 25, Nov. 26 was Thanksgiving Day.
“The Motions where based on 3 False reasons as noted in the — attached pages. . .(Re. D.E.S. letter of Oct. 22 + my Draft Report.)
“Furthermore, the Law was misconstrueted. and a wrong method was used! That caused me many hardships, and I also was deprived of money on *94 Extended Benefits, etc. ...
“Evidence is in my Draft Report, also attached and noted in — my affidavit. (The Draft Report was Amended on October 2,1987.)
“Please, review the II pages.”
The appellant’s cryptic and unfocused recitation of unrelated facts set forth in his petition simply does not comply with the requirements of Dist./Mun. Cts. Supp. R. Civ. P., Rule 140totheendthata party must set forth in full his claim of appeal and all the facts material therein.[2] This Court is sensitive to the needs of a pro se litigant. It is well established, however, that rules of court bind pro se litigants as they bind all litigants. See Mary Mmoe v. Commonwealth, 393 Mass. 617 (1985); Kornatowski v. Family Mutual Savings Bank, 388 Mass. 1011 (1983); International Fidelity Insurance Co., v. Wilson, 387 Mass. 841, 847 (1983). And pleadings must stand or fall on their own. Mary Mmoe v. Commonwealth, supra.
Because the appellant’s Petition to Establish a Report does not comply with the requirements of Dist./Mun. Cts. Supp. R. Civ. P., Rule 140, para. 4, it will be denied.
The trial court’s disallowance of the defendant’s draft report is hereby affirmed. The appellant’s petition to establish is denied.

pursuant to the provisions of Dist./Mun. Cts. Supp. R., Rule 140, a person claiming an appeal from a decision of a district court in an employment security proceeding is required to file a draft report within five days of filing his or her claim of appeal. Such draft report must “[sjtate the nature of the proceedings, the findings of the trial judge, and so much only of the evidence submitted to the trial judge as may be sufficient for a full understanding of the questions presented by the appeal.” DistVMun. Cts. Supp. R. Civ. P., Rule 140 (1).