Toomey, J.
INTRODUCTION
Plaintiffs have appealed, pursuant to G.L.c. 40, §17, from a Zoning Board of Appeal’s decision allowing defendants, Nicholas K. Kopley (Kopley) and Joan E. K. Normandin (Normandin), to fill a flood plain area on property owned by Kapa Realty Trust. Kopley and Normandin now move to dismiss, on the authority of Mass.R.Civ.P. 12(b)(6), plaintiffs’ appeal for the reason that plaintiffs lack standing to challenge the zoning board’s decision. Plaintiffs oppose defendant’s motion and argue that as abutters, or abutters to abutters, to the Trust’s property they are statutorily presumed to have standing. Plaintiffs further propose that the factual determination of whether plaintiffs do indeed have standing is more properly resolved on a full evidentiary record rather than on the documents offered in connection with a motion to dismiss. For the reasons that follow, defendants’ motion to dismiss is DENIED.
DISCUSSION
When evaluating, pursuant to Mass.R.Civ.P. 12(b)(6), the sufficiency of a complaint, the court must take the allegations of the complaint, and any inferences which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza v. Kotseas, 378 Mass. 85, 89 (1979). In evaluating a complaint for purposes of a motion to dismiss, the court will look at the four corners of the complaint as well as any documents that are incorporated by reference and attached to the complaint. See Mmoe v. Commonwealth 393 Mass. 617, 620 (1985) (“pleadings must stand or fall on their own. Oral representations and extraneous materials not incorporated by reference can neither add to nor detract from them”).
Plaintiffs, a group of persons owning or residing in property near defendants’ property, are seeking to enjoin defendants from filling a flood plain area. Plaintiffs assert that the Westminster Zoning Board of Appeal’s decision to grant defendants a permit to fill the flood plain was erroneous and seek to reverse that decision.
In order to appeal a zoning board’s decision, however, plaintiffs must establish standing as “aggrieved persons.” G.L.c. 40A, §17; see Barvenik v. Bd. of Aldermen of Newton, 33 Mass.App.Ct. 129, 132 (1992). Abutters and abutters to abutters enjoy a presumption of “aggrieved person” status, although the presumption is rebuttable. Id. Once a defendant challenges a plaintiffs standing, and offers evidence to support the challenge, the standing issue is to be decided on the basis of the evidence. Id. A consideration of “evidence” not included within the complaint or its incidents is, of course, impermissible.
Here, plaintiffs’ complaint fails, on its face, to establish the plaintiffs’ standing. The complaint is wholly silent as to whether plaintiffs are abutters or *238 have otherwise suffered any harm because of the zoning board’s actions. The complaint’s exhibits do, however, indicate that plaintiffs are either abutters or abutters to abutters. (See Complaint Exhibit A.)[3] Accordingly, this court finds that plaintiffs enjoy the presumption that they are “aggrieved persons.” See G.L.c. 40A, §17.
Defendants now seek to rebut the presumption of plaintiffs’ standing by offering an affidavit indicating plaintiffs have not suffered any cognizable harm. At this juncture in the proceedings, however, defendants’ submissions cannot aid their Rule 12 motion. See Watros v. Greater Lynn Mental Health & Retardation Assoc., 37 Mass.App.Ct. 657, 662 (1994) (trial judge improperly considered extraneous materials in allowing motion to dismiss on G.L.c. 40A standing issue; summary judgment was proper vehicle to decide standing issue). The decision of whether plaintiffs have standing is best resolved on either a rule 56 motion or trial on the merits. See Watros, supra at 666-67 (decision of whether plaintiff has G.L.c. 40A standing requires showing of specific facts).[4] Accordingly, defendants’ motion to dismiss is DENIED because plaintiffs’ complaint establishes the presumption that plaintiffs have standing and a factual challenge to their standing, clothed in a motion to dismiss is not proper.
ORDER
This Court ORDERS that defendants’ motion to dismiss is DENIED.

Indeed, defendants’ brief in support of their motion to dismiss recognizes the fact that plaintiffs are abutters or abutters to abutters.

Although defendants correctly point out that standing may be challenged at “any time during the proceedings,” this rule does not require the court to consider extraneous materials in a motion to dismiss. If, pursuant to Mass.RCiv.P. 12(b), the parties present extraneous materials, which are not excluded by the court, the motion to dismiss shall be treated as a motion for summary judgment. See Watros, supra at 663. In Watros, supra at 663-64, the Appeals Court converted the defendant’s motion to dismiss into a motion for summary judgment based on two grounds: (1) the trial judge accepted and utilized the parties’ extraneous materials; and (2) the plaintiffs agreed to resolve the standing issue on the record before the trial court. Here, on the other hand, this court is expressly excluding the parties’ submissions, and, furthermore, plaintiffs, in their brief in opposition to defendants’ motion to dismiss, argue that the standing issue cannot be resolved without full factual development. Based on these considerations, this court concludes that Watros does not require the court to consider the parties’ materials or otherwise convert a motion to dismiss into a motion for summary judgment.