Lauriat, J.
United States Mineral Products Company, d/b/a Isolatek International (“USM”), a third-party defendant in this action, has moved for leave to file a “fifth-party complaint” [sic] against various agencies of the Commonwealth of Massachusetts, private corporations, and fictitious entities.[1] The motion is opposed by Ruggles Center, LLC (“Ruggles”), the original plaintiff in this complex litigation.[2] For the following reasons, USM’s motion is denied without prejudice.
BACKGROUND
This action arises from the ill-fated construction of the new Registry of Motor Vehicles Building in Roxbuiy, Massachusetts. When serious air qualily problems developed in the building, Ruggles sued the general contractor, Beacon Construction Company (“Beacon”), for damages allegedly caused by, among other things, defective fireproofing. Beacon brought a counterclaim against Ruggles, and also impleaded H. Carr & Sons (“Carr”) and USM. Carr filed a fourth-party complaint against Alpha Construction Company, Inc., Lutz Air Conditioning, Inc, and XYZ corporations, fictitious designations.
USM, in an 86-page complaint, now seeks to implead seventeen new identified defendants and up to thirty new fictitious defendants on claims of contribution, indemnity, negligence and breach of warranty. USM contends that the parties it seeks to implead all contributed in specific ways to the air quality problems in the building. Ruggles opposes USM’s motion on the grounds that the proposed complaint is factually vague and adopts a “blunderbuss” approach that will needlessly complicate an already cumbersome litigation.
DISCUSSION
Mass.R.Civ.P. 14(a) allows a defendant in a civil action to implead a party “who is or may be liable to him for all or part of the plaintiffs claim against him.” The rule also permits a party who is impleaded as a third-pariy defendant to “proceed under this rule against any person who is or may be liable to him for all or part of the claim made in the action against the third-party defendant.”
The latter language appears to allow a so-called “chain reaction impleader.” See Massachusetts Practice, Vol. 6, §14.15. That is, “whatever the party-degree, so long as the claim over and the individual target come within Rule 14, impleader is proper, subject to the court's power to control unwieldy litigation by severance of parties or issues." Id. (emphasis added).
As the Massachusetts Practice citation indicates, the court has discretion to deny an impleader on the ground of sound judicial administration. The Reporters’ Notes to Rule 14 show that the court may *572 prevent impleaders from being used strategically to impede other litigants:
The purpose behind the restriction is the belief that unbridled third-party practice offers an unscrupulous attorney an opportunity to delay trial; by commencing a third-party suit, he can hold up the proceedings for the length of time necessary to permit the new third-party defendant to answer and otherwise defend. Under the Rule, however, the court will have an opportunity to examine any late-blooming third-party claims. It can (and should) deny leave when it is convinced that the third-party claim is not bona fide, or is interposed for the purpose of delay.
Second, courts interpreting the nearly identical federal rule have noted that whether to allow an impleader is a decision within the sound discretion of the trial court. See, e.g., Greene Line Mfg. Corp. v. Fibreboard Corp., 130 F.R.D. 397, 400 (“in determining the propriety of an impleader request, this court must look at whether the plaintiff or potential third-party defendant will suffer- prejudice, whether the impleaded claim will complicate matters at the time or trial . . . and whether granting leave to implead will impose significant additional costs on the parties”).
Third, this court has the power to order an impleader claim to be tried separately. Mass.R.Civ.P. Rule 42(b) allows the court to order a separate trial, “in furtherance of convenience or to avoid prejudice ... of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims . . .” See also Massachusetts Practice, Vol. 6, §14.18 (“[e]ven if no party raises the issue, the court probably possesses inherent power under Rule 42(b)” to separate a third-party claim).[3]
Finally, this court has “broad powers ... to adopt procedures to promote justice.” Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985). When a complaint “is so verbose, repetitive, argumentative, and confusing, that [the defendant] cannot fairly be expected to respond to it,” the court may exercise its discretionary authority to dismiss under Rule 41. Id. at 621. See also Franchi Const. Co. v. Combined Ins. Co. of America, 580 F.2d. 1, 7 (1978) (finding Federal Rule Civ. P. 42(b) to require “convenience, expedition, and economy”).
In the present case, Ruggles’ opposition to USM’s motion for leave to implead asserts both that USM’s fourth-party complaint will . unduly complicate this litigation and that the complaint is needlessly verbose, prolix and confusing.
Regarding Ruggles’ first contention, the Massachusetts and Federal authorities cited above demonstrate that this court has the power to prevent litigation from becoming unwieldy or overly complicated. The present case is one where this power must be brought to bear. Allowing USM to bring a fourth-party complaint against such a large number of defendants will make an already complex case unmanageable. As matters now stand, the sheer number of parties involved will test the court’s ability to administer justice in a fair and orderly manner.
Further, allowing USM’s impleader will undoubtedly cause prejudice to Ruggles, the original plaintiff. See Greene Line Mfg. Corp., 130 F.R.D. at 400. This litigation, both during discoveiy and at trial, would likely become dominated by the numerous defendants impleaded by USM if the motion was allowed.
Regarding Ruggles’ second argument, the court in Mmoe, 393 Mass. at 621, found that a complaint could be so verbose and confusing that it fails to give the defendant notice of what plaintiffs claims are and the grounds on which they rest. The present case involves a slightly different context since here, the putative defendants are not yet attempting to address USM’s complaint. However, the court finds Mmoe’s holding applicable. It is always appropriate for the court to examine whether a complaint meets basic standards of both precision and concision. See id. If a complaint fails to meet these standards, the court has discretion to dismiss it with or without prejudice.
The court concludes that USM’s complaint fails to spell out most of its claims with any precision or clarity. The proposed “fifth-party complaint” is 86 pages in length and makes primarily repetitive, speculative, vague and general allegations against the putative defendants, real and fictitious. Under these circumstances, it is appropriate for the court to exercise its discretion under Rule 41, and its broad power to adopt just procedures, to preclude its filing. See id.[4]
This is not to suggest that all or any of USM’s proposed claims are legally insufficient, for that issue is not now before it. Rather, USM’s proposed complaint, viewed as a whole, contains too much speculation and too little factual precision to provide the court or any of the proposed defendants with reasonable notice of its claims and the grounds on which those claims rest.
Justice is best served in this matter by denying, without prejudice, USM’s present motion. USM may hereafter seek leave to file a more precise and narrowly tailored fourth-party complaint.[5]
ORDER
For the foregoing reasons, USM’s Motion for Leave to File Fifth Party Complaint is DENIED without prejudice.

 United States Mineral Products Company’s putative fifth-party complaint is properly denominated a fourth-party complaint.

Technically, the motion is opposed by Ruggles Center Joint Venture (“RCJV”), a third-party defendant in the suit. RCJV was the initial plaintiff in this action and assigned its claims against Beacon Construction Company to Ruggles Center, LLC. For practical purposes in this decision, the two Ruggles entities are referred to jointly as “Ruggles.”

Separation under Rule 42(b) Is different from severance under Rule 21. Whereas the severance rule is directed to situations where the peculiar relationship or status of the parties mandates separate actions, Rule 42(b) “appears to be devoted to the convenience of adjudication, the avoidance or prejudice and the interests of expedition and economy ...” Roddy v. McNulty Ins. Agency, Inc. v. A.A. Proctor & Co., 16 Mass.App.Ct. 525, 529 (1983)

Typical allegations in USM’s fifth-parly complaint are:
COUNT IV: COMMON LAW INDEMNITY AGAINST THE RMV * * * * *
43. The RMV undertook a negligent course of conduct in connection with its lease and occupation of the Ruggles Center from Ruggles LLC, which negligence included, but is not limited to, the negligent supervision of its employees and agents; the negligent hiring and/or supervision of various entities who performed work at the Ruggles Center; and negligent conduct with respect to the construction, occupation, coordination and modification of the Ruggles Center.
44. The aforementioned negligent conduct committed by the RMV adversely affected the HVAC systems and/or the fireproofing and/or the overall health and/or environmental condition of the Ruggles Center and caused the damages alleged by Ruggles LLC and Beacon.
* * * * *
Count XXVIII: INDEMNIFICATION AGAINST COSENTINI * * # * #
163. At all times relevant hereto, Cosentini was involved in the designing and/or manufacture and/or installing and/or supplyng and/or planning and/or modifying and/or remediation of the HVAC and/or electrical systems at the Ruggles Center.
164. Cosentini was negligent in connection with its involvement in designing and/or manufacture and/or installing and/or supplyng and/or planning and/or modifying and/or remediation of the HVAC and/or electrical systems at the Ruggles Center.
These allegations stretch the concept of notice pleading beyond any reasonable point.

The court declines at this point to order the separation of USM’s fourth party action under Rule 42(b). If a subsequent amended complaint is found appropriate by the court under Rule 14 and basic rules of pleading, then the matter of whether that complaint should be separated may be properly considered.