Travers, J.
Plaintiff Value Pharmacy (VP) instituted this action against Stat-Care, and its individual founders[2] (defendants) for breaches of fiduciary duties, interference with contractual or business relations with VP’s customers, misappropriation and conversion of trade secrets, and violations of G.L.c. 93A. In its Answer, defendants counterclaimed against both VP and Omnicare, Inc. Omnicare, Inc. is not a plaintiff on the original Complaint. Defendants alleged that VP instituted suit pursuant to the directives of its owner Omnicare, Inc. and that their actions constitute abuse of process, restraint of trade and a violation of G.L.c. 93A. Omnicare now moves to strike or dismiss defendants’ counterclaims.
BACKGROUND
In the Complaint, VP’s allegations stem from events which occurred both during and after individual defendants, Mason, Penney and Woiciechowski, were employed with VP. Specifically, VP alleges that while Mason, Penney and Woiciechowski were employed as executives of VP, they secretly planned to form a competing pharmaceutical company. In an effort to achieve this goal, the three allegedly sought to hire VP employees as well as seek business from VP customers. In May of 1997, while the president of VP, William Collins (Collins), was away Penney and Woiciechowski resigned and filed a certificate of organization for Stat-Care. Mason resigned at á later date and joined the other two defendants. Prior to that time, in April of 1997, Omnicare had acquired ownership of VP.
In response, defendants counterclaim that subsequent to Omnicare’s acquisition of VP, Collins encouraged various employees, including Woiciechowski and Mason, to leave VP and establish a competing company. Collins also allegedly indicated a desire to leave VP himself. On July 8, 1997, after the resignation of all three individual defendants and the creation of Stat-Care, VP instituted suit against defendants, allegedly to put defendants out of business. Defendants assert that VP acted pursuant to Omnicare’s directives and that Omnicare has a pattern of such conduct. Accordingly, defendants claim abuse of process, restraint of trade and violation of G.L.c. 93A against both VP and Omnicare. Omnicare now moves to strike or dismiss the claims against it.
DISCUSSION
I. Motion to Strike
Omnicare asserts that this Court should strike defendants’ counterclaims against it because defendants have improperly made it a party to this action. Specifically, Omnicare contests this maneuver because it argues that the Rules of Civil Procedure preclude doing so, and furthermore, Stat-Care failed to obtain leave of court. Omnicare also argues that Stat-Care failed to comply with Mass.R.Civ.P. 8(a).
A. Asserting Counterclaims against Nonparty
Mass.R.Civ.P. 13(a) and (b) provide that a party may bring a counterclaim against an opposing party. Mass.R.Civ.P. 13(h) supplements this rule and directs that “[plersons other than those made parties to the original action may be made parties to a counterclaim or crossclaim in accordance with the provisions of Rule 19 & 20.” Mass.R.Civ.P. 13(h). Massachusetts case law does not delve beyond the straight forward language of 13(h). Conversely, federal courts have *118 confronted similar situations to the one at hand when interpreting similarly worded Fed.R.Civ.P. 13(h). “[AJbsent compelling reasons to the contrary or significant difference in content,” the Court should look to the interpretations of the federal rule. Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1991) (re-script).
Federal courts have allowed parties to assert claims against nonparties. See F.D.I.C. v. Bathgate, 27 F.3d 873-74 (3rd Cir. 1994) (allowing defendant’s counterclaim to include new party pursuant to Rule 13(h)); Various Markets, Inc. v. Chase Manhattan Bank, 908 F.Sup. 459, 471 (E.D. Mich. 1995). No motion is necessary. See 6 Wright, Miller, Kane, Federal Practice & Procedure §1435, at 270. Aparty doing so, however, must have already asserted the same claim against a party in the case or simultaneously assert it against both the party and nonparty. See Baltimore & Ohio R.R. Co. v. Central Ry Servs., Inc., 636 F.Sup. 782, 786 (E.D. Pa. 1986).
In this instance, Stat-Care failed to bring a motion to join Omnicare before asserting a counterclaim against nonparty Omnicare. As discussed above, the failure to bring such a motion is not necessarily fatal. Additionally, Stat-Care properly asserted its counterclaims against nonparty Omnicare at the same time it asserted it against plaintiff VP.
An additional limitation exists to Rule 13(h) in that the Rule only permits the addition of nonparties which may be added pursuant to Mass.Civ.P. Rule 19 or 20. Mass.R.Civ.P. 13; see Baltimore & Ohio R.R. Co., 636 F.Sup. at 786-87 (finding joinder proper pursuant to Rule 13(h) as party satisfies Rule 20 requirements). The issue then is whether Omnicare is a proper party under either Rule 19 or Rule 20.
1. Joinder Under Rule 19
Rule 19 would require the joinder of nonparty Omnicare if, without Omnicare, complete relief cannot be accorded among those already parties. Mass.R.Civ.P. 19. After reviewing the record in this case, the present situation does not warrant joining Omnicare under Rule 19.
2. Joinder Under Rule 20
Rule 20 permits the joinder of parties as defendants if two prerequisites are satisfied: “(1) [t]he claims must arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) [t]he claims must present at least one common question of law or fact.” Mass.R.Civ.P. 20(a). In this instance, the counterclaims arise out of the same transaction, VP’s filing of the suit against Stat-Care and defendants. Additionally, the act alleged in the counterclaim indicate that there is a common question of fact and law at issue. Accordingly, Omnicare was appropriately joined as defendant to a counterclaim pursuant to Rule 20, if not Rule 19.
B. Compliance with Mass.R.Civ.P. 8(a)
Omnicare contends that even if Stat-Care properly joined it as a parly to this action, defendants’ counterclaims fail to satisfy the pleading standards under Mass.R.Civ.P. 8(a), and therefore the claims are subject to dismissal. Rule 8(a) requires only a short and plain statement of the claim showing the pleader is entitled to relief and a demand for judgment. Mass. R. Civ. 8(a). The Court is satisfied that defendants’ claims alleging that Omnicare directed the actions of VP is sufficiently short and plain to satisfy Rule 8.[3]
ORDER
For the foregoing reasons, defendant-in-counterclaim motion to strike or in the alternative to dismiss is DENIED.

Norman Mason, Stephen Penney and Jackie Woiciechowski

It would be improper to apply a Mass.R.Civ.P. 12(b)(6) analysis when the Omnicare has asserted grounds for dismissal for failure to comply with Mass.R.Civ.P. 8(a). See Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985) (stating judge erred in conducting 12(b)(6) analysis when party relied on Rule 8(a)).