Locke, Jeffrey A., J.

INTRODUCTION

This is a civil action that arises out of the alleged sexual abuse of the plaintiffs son by Defendant Reverend John Szantyr (Szantyr), a priest with the Roman Catholic Worcester Diocese (Worcester Diocese) at the time of the alleged abuse. Plaintiff Richard J. Chesnis (Chesnis), acting pro se, brought suit against Cardinal Bernard Law (Law), Bishop Bernard Flanagan, Bishop Daniel Reilly, Bishop Timothy Harrington, Szantyr, St. Mary’s School, Our Lady of Czestochowa, and Worcester District Attorney John Conte alleging injuries due to the defendants’ failure to take steps which would have resulted in the removal and prosecution of Szantyr and other Roman Catholic priests. Specifically, Chesnis alleges he was injured by Law’s inaction in the Roman Catholic clergy sex abuse scandal in Massachusetts. This matter is before the court on Law’s motion to dismiss all claims against him pursuant to Mass.R.Civ.P. 12(b)(6). After hearing, this court concludes for the following reasons that Chesnis’ compliant in its entirety must be dismissed.

BACKGROUND

Following is a summary of the facts alleged in the pleadings as amplified during the hearing on Law’s Motion to Dismiss.
Szantyr allegedly sexually abused Michael Chesnis, Chesnis’ son, and other individuals when they were minors.[2] The defendants’ lack of prosecution and protection of the plaintiffs child and family resulted in “years of going back and forth between the states of Massachusetts and Connecticut.” The defendants failed in their duties by allowing this inaction to continue, despite Chesnis’ reporting the crimes to the Worcester Police Department’s sexual abuse unit. The defendants have, in collusion, stopped the laws from working by failing to pursue, arrest, protect, and report the crimes committed against the victims. As a result of this inaction, the defendants have tortured the plaintiffs family for over fifteen years. The court should find the families of individuals who committed suicide due to the accused priests under the authority of Law. The court should also grant a lien on all Worcester Diocese property on behalf of Chesnis’ family and the families of all victims of the Worcester Diocese.

DISCUSSION

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the complaint’s well-pleaded factual allegations and any reasonable inferences in favor of the plaintiff. Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). A court may properly dismiss a complaint when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977). The plaintiffs burden is “relatively light” and errors of law based on the alleged facts will not warrant a dismissal in accord with Rule 12(b)(6). Warner-Lamber Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998). As a result, the court should construe the complaint so as to do substantial justice. Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).

A. Form of the Pleadings

Massachusetts courts recognize “notice pleading.” Ciccone v. Smith, 3 Mass.App.Ct. 733, 734 (1975). According to Rule 8 of the Rules of Civil Procedure, a complaint is sufficient if it gives fair notice of the plaintiffs claims and contains a short plain statement of the claims showing the plaintiff is entitled to relief. *110 Id.; Reporter’s Notes of Mass.R.Civ.P. 8. Some claims, such as allegations of fraud, must be stated with particularity. Mass.R.Civ.P. 9(b). The court may afford a pro se complainant some leniency when reviewing whether the complaint meets requirements of the Rules of Civil Procedure. Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985). However, the Rules of Civil Procedure bind a pro se litigant as they bind other litigants. Id.
In the present case, Chesnis’ complaint does not set forth basic facts regarding the actual acts of which he complains. The complaint fails to describe the nature of the tortious conduct, when such conduct occurred, how it occurred, and by whom. Specifically, the complaint does not provide information about the ages and names of the plaintiff or the alleged other victims, the alleged abuse suffered by Chesnis and his family members, the dates of Law’s alleged actions, or the time Chesnis realized he was harmed as a result of Law’s actions. Thus, the complaint fails to state any general or particular averments of Law’s alleged negligent, intentional, or fraudulent conduct. In short, the complaint cannot be fairly read as giving Law adequate notice of Chesnis’ claims.
In some instances, the court may grant leave to a plaintiff to file a more definite statement or amend the pleadings to assert discrete causes of actions. Mass.R.Civ.P. 4(g) and 15(a). However, as discussed below, this course is inappropriate in this action based on other fundamental defects in Chesnis’ case.

B. Standing

Standing involves the question of “whether the litigant is entitled to have the court decide the merits of the dispute.” Warth v. Seldin, 422 U.S. 490, 498 (1975). In order to have standing, the plaintiff must allege “a personal stake in the outcome of the controversy.” Id. It is an established principle in Massachusetts that only persons who have themselves suffered legal harm can compel the courts to assume the difficult and delicate duty of adjudicating disputes or particular issues. Doe v. The Governor, 381 Mass. 702, 704 (1980), quoting Kaplan v. Bowker, 333 Mass. 455, 459 (1956). Therefore, a plaintiff may only assert his own rights, not the rights of third parties. Warth, 422 U.S. at 499. Consequently, “[n]ot every person whose interests might conceivably be adversely affected is entitled to [judicial] review.” Group Ins. Comm’n v. Labor Relations Comm’n, 381 Mass. 199, 204 (1980). This is because standing focuses on the characteristics of the party bringing suit, rather than on the issues raised in the complaint. Mashpee Tribe v. Watt, 542 F.Sup. 797, 800 (D.Mass. 1982).
Chesnis seeks to assert causes of action arising out of alleged injuries to third parties, namely his son and the other unnamed victims. At no point has Chesnis alleged sufficient facts to show that he himself has suffered a direct and certain injury from any of the defendants’ conduct. In particular, Chesnis does not allege that any of the defendants sexually abused him or violated his personal rights. For these reasons, Chesnis does not have a direct and personal interest in the controversy to confer standing. While Chesnis may be affected by the alleged acts of the defendants, the complaint does not allege any rights or interests of Chesnis which the defendants have or threaten to violate.
Chesnis asserts that he brought suit on behalf of his son and the other unnamed victims because they cannot bring suit on their own behalf due to emotional reasons related to the alleged sexual abuse. However, this allegation is insufficient to confer Chesnis standing because he cannot properly assert representative standing. “Representative standing is generally limited to cases in which it is difficult or impossible for the actual right holders to assert their claims.” Slama v. Attorney Gen., 384 Mass. 620, 624 (1981). That is not the case here. Chesnis’ son and the other alleged victims can assert their constitutional and statutory rights. They have thus far not done so. Furthermore, neither Chesnis’ son nor the other victims have granted Chesnis the legal authority to assert their rights. For these reasons, there is no basis to grant Chesnis representative standing to bring suit on behalf of a person who could, but has chosen not to do so. Accordingly, Chesnis is not a proper party to this litigation and the complaint is dismissed for lack of standing.

C. Law Had No Connection with the Worcester Diocese

Moreover, Chesnis’ claims, even if properly asserted, must fail because Chesnis does not allege in his complaint that Law had any supervisory or other duties relating to the priests in the Worcester Diocese, the location of the alleged acts of the defendants. The court takes judicial notice that Law was the Archbishop of the Roman Catholic Boston Diocese from 1985 until 2003. See Jackson v. Longcope, 394 Mass. 577, 580 n.2 (1985) (stating that it is reasonable to take judicial notice of facts when considering a motion to dismiss under Mass.R.Civ.P. 12(b)(6)); Commonwealth v. Grinkley, 44 Mass.App.Ct. 62, 69 n.9 (1997) (stating that a court may take judicial notice of facts capable of accurate and ready determination). The Archbishop of the Roman Catholic Boston Diocese is a separate incorporated entity, a corporation sole, which has a corporate existence apart from that of the Bishop of the Worcester Diocese. See G.L.c. 68, § 1 et seq. (describing a corporation sole as a nonprofit entity; stating that officers of the church, i.e., bishops, are deemed the corporation for the purposes of the law).
As Archbishop of the Roman Catholic Boston Diocese, Law had the right, power, and authority to manage and operate the Roman Catholic Boston Diocese. However, Law had no such power or authority over the Worcester Diocese and its priests, and there *111 fore he has no corporate responsibility for their conduct. For these reasons, Law incurred no liability within the Worcester Diocese where the alleged acts took place and therefore, Chesnis has failed to set forth any cause of action against Law.

D. Complaint Is Time Barred

There is a three-year statute of limitations to commence causes of action based in tort. G.L.c. 260, §2A. Ordinarily, an action in tort accrues at the time the plaintiff is injured. Taygeta Corp. v. Varian Assoc., 436 Mass. 217, 229 (2002). However, the “discovery rule” tolls the statute of limitations until a plaintiff discovers, or reasonably should have discovered, that he has been harmed or may have been harmed by the defendant’s conduct. G.L.c. 260, §4C; see also Mohr v. Commonwealth, 421 Mass. 147, 156 (1995). For the “discovery rule" to apply in a cause of action arising out of sexual abuse of a minor, the plaintiff must demonstrate that he was not in fact aware of the harm and that he could not reasonably know it. Doe v. Creighton, 439 Mass. 281, 283-85 (2003).
Chesnis’ complaint does not state any specific information about the alleged actions or inactions of the defendants, including when the alleged abuse occurred and when Law exercised authority over the accused priests. As a general statement, Chesnis states in his complaint that the defendants have tortured his family for fifteen years. Having been on notice of his claims and his alleged injuries for fifteen years, Chesnis has failed to bring his suit within the three-year statute of limitations. Furthermore, Chesnis asserts that he knew that the alleged actions have been on going for the past fifteen years and that he knew any alleged harm was caused by those actions. This acknowledgement of the duration of the alleged actions and the contemporary harm of these actions prevents the court from applying the discovery rule to Chesnis’ claims.

ORDER

For the above reasons, the defendant’s motion to dismiss is ALLOWED.

 Michael Chesnis is currently thirty-one years old. The other individuals include a boy who was abused in New York and John Does from other states.