NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1159

SUSAN L. SCANGAS

vs.

DIANNE C. CORMIER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this partition matter out of the Land Court, the defendant (Cormier), pro se, has noticed appeals from:  (1) an order of partial distribution, entered August 30, 2022; and (2) an order, entered October 18, 2022, denying Cormier's request for an additional stay of the order of partial distribution. Setting to the side whether either of these orders is subject to immediate appeal,[1] we discern no error in either order.

The case has been excessively litigated previously, and its course has been marked by what can be fairly characterized as repeated requests for delay by Cormier.  We summarize here only briefly the history that leads to this appeal.  The plaintiff

_____

[1] The Land Court docket contained in the assembly of record does not reflect either an order for final distribution or an order approving the commissioner's final report.

(Scangas) filed this action to partition certain property in Arlington that she and Cormier co-owned. Cormier opposed. A right to partition was found and a commissioner was appointed to make recommendations as to whether the property "may be divided into shares" and, if not, to sell the property and distribute the proceeds. The commissioner concluded that the property could not advantageously be divided and recommended its sale; a warrant issued confirming the commissioner's appointment and authorizing the sale. In January 2022, the commissioner sought approval for a sale at just less than $1 million. An order approving the sale entered in April 2022. All of these matters were the subject of Cormier's earlier appellate proceedings and are not at issue here.

After closing, the commissioner filed a request that the net sale proceeds -- $921,269.73 -- be equally distributed to Scangas and to Cormier and that the commissioner be paid fees and costs of $43,560. Cormier opposed, essentially by requesting a continuance as a "reasonable accommodation" under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq. On August 30, 2022, the Land Court judge entered the first order at issue here, essentially ordering that the commissioner: (i) "pay to himself his fees and expenses in the amount of $43,560.00;" (ii) make a "partial distribution" to Scangas of $250,000; and (iii) place the remaining funds into escrow with

the court.  The judge also continued the matter to October 14, 2022, so that the parties could make "any objections to the final accounting" and, more specifically, so that Cormier could "file her objections, and all supporting material, after which the court will set down a briefing and hearing schedule.  No further extensions shall be allowed."  As noted, Cormier filed a notice of appeal from this order.

The commissioner filed his final report on September 12, 2022 (essentially reflecting the distributions and escrow ordered on August 30), after which Cormier filed another "reasonable accommodation" request for a continuance along with purported "objections" (also essentially amounting to a request to continue).  On October 18, 2022, the judge, apparently treating Cormier's pleadings as a motion for reconsideration of the August 30 order, denied the motion.  Cormier filed a notice of appeal from this order as well.

Even taking into account Cormier's pro se status, her filings with this court are wholly inadequate.  Cormier's brief lacks reasoned argument, record citation, or reference to meaningful authority.  The argument section of her brief consists of four paragraphs containing neither legal nor factual citations and does not rise to the level of appellate argument. See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011); Mass. R. A. P. 16 (a) (9) (A), as appearing in 481

3

Mass. 1628 (2019).  She also did not provide an appendix sufficient to assess the arguments she raises on appeal.  Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019) (duty of appellant to prepare and file appendix).  Although "some leniency is appropriate" for self-represented litigants, the rules of procedure "bind a pro se litigant as they bind other litigants."  Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985).

Although we are not required to pass on questions or issues that are not adequately briefed, see Mass. R. A. P. 16 (a) (9) (A), we have nonetheless reviewed Cormier's contention that under the ADA, her requests for continuances should have been allowed as a "reasonable accommodation" of her claimed disabilities because, among other reasons, "like most people who have lived on a disability income, [she] could not secure representation" and because the Land Court judge "created problems for her by refusing her the ability to speak to the commissioner or the realtors."  Cormier also suggests that Scangas "has no apparent need for a quick payout" because Scangas purportedly "has a house on the water in Gloucester and her husband just was a co-inheritor of a house in Rockport."  Cormier does not explain what additional continuances might have accomplished for her or how the judge might otherwise have abused his discretion.  Nor does she attempt to address Scangas's contention -- which is buttressed by the Land Court

4

docket, the proceedings in this appeal, and Cormier's abandonment of her previous appeal -- that delay has been the cornerstone of Cormier's defense to a straightforward petition for partition. In the circumstances, she has failed to demonstrate any error or abuse of discretion in the judge's rulings below.

We accordingly affirm the order of partial distribution, entered August 30, 2022, and the order, entered October 18, 2022, denying Cormier's request for an additional stay of the order of partial distribution. We also allow Scangas's request for an award of her appellate attorney's fees and costs on the ground that the appeal is frivolous. In accordance with the procedure specified in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), Scangas may, within fourteen days of the issuance of the rescript of this decision, submit an application for appellate

attorney's fees and costs with the appropriate supporting materials.  Cormier shall have fourteen days thereafter to respond.

So ordered.

By the Court (Wolohojian,
 Milkey & D'Angelo, JJ.[2]),

Assistant Clerk

Entered:  January 26, 2024.

---

[2] The panelists are listed in order of seniority.