NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-101

HONGNIAN GUO

vs.

JILLIAN S. PIZZI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff filed a complaint in the Superior Court seeking $100,000 in damages against the defendant for some unspecified injury and a "penalty" for "falsifying medical record and false statement." The factual allegations of the complaint are, in their entirety, as follows: "(1) Falsify the medical visiting record to cheat the plaintiff and the court"; and "(2) Being the therapist to the kids she ignored the plaintiff to meet his kids intentionally." After a hearing a Superior Court judge, citing Mass. R. Civ. P. 8, 365 Mass. 749 (1974), dismissed the complaint without prejudice for "fail[ure] to state recognizable claims or relief within the jurisdiction of this Court." The judge's order expressly gave the plaintiff

leave to file an amended complaint in conformity with Mass. R. Civ. P. 8 and provided guidance on how to do so. Instead, the plaintiff elected to file this appeal.

A judge has discretion to dismiss a complaint for failure to meet the pleading requirements of Mass. R. Civ. P. 8. See Mmoe v. Commonwealth, 393 Mass. 617, 621 (1985). Here, the judge was correct to conclude that the complaint's factual allegations, which are bereft of any context, "fail[] to give the defendant[] 'fair notice of what the plaintiff's [claims are] and the grounds upon which [they rest].'" Id., quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). The plaintiff's brief raises no discernible argument as to why the judge erred. The complaint was therefore properly dismissed.

Order dismissing complaint
    without prejudice affirmed.

By the Court (Shin, Ditkoff &
    Brennan, JJ.[1]),

*Paul Little*

Clerk

Entered: October 10, 2024.

---

[1] The panelists are listed in order of seniority.