NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1129

DENNIS M. CLOHERTY

vs.

COMMONWEALTH OF MASSACHUSETTS & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Dennis M. Cloherty, filed a pro se complaint in the Superior Court against the defendants.  On August 5, 2024, a judge dismissed the complaint, as twice amended.  A final judgment entered that same date.  The motion judge subsequently denied Cloherty's motion for reconsideration.  We affirm.

To begin, we note that the plaintiff's brief does not address the complaint's deficiencies at all.  Failure to address the issue in the principal brief constitutes waiver.  See Smith v. Bell Atl., 63 Mass. App. Ct. 702, 725 n. 8 (2005) ("argument

_____

[1] Town of Wakefield and CCF Quannapowitt Property Company, LLC.

that is not raised in a party's principal brief may be deemed waived"); Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief").

Even if the plaintiff offered an argument for the viability of the complaint, we discern no error that merits relief. At issue here is the plaintiff's second amended complaint filed on February 9, 2024. He asserted two counts that he titled "Massachusetts Environmental Policy Act" and "Frontage on a Way." Neither of these counts as titled, nor the substance of the text within these counts articulate cognizable causes of action against the defendants. See Mass. R. Civ. P. 8 (a) (1), 365 Mass. 749 (1974) (pleading must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief"); Mass. R. Civ. P. 8 (e) (1), 365 Mass. 749 (1974) ("averment of a pleading shall be simple, concise, and direct"). "Pleadings must stand or fall on their own." Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985). Indeed, "nothing in the rules of civil procedure authorizes a judge to recast a complaint in a form that corresponds to the judge's view of what claims the plaintiff intended but failed adequately to set forth." Id. Here, the motion judge concluded that the complaint failed to comport with these fundamental pleading

requirements under our procedural rules.  We discern no abuse of discretion in this determination.  See id. at 621.

Aside from its dispositive procedural deficiency, the complaint also failed in substance to set forth a cause of action that suggested the plaintiff was entitled to relief.  See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008); Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974) (authorizing dismissal of complaint that fails "to state a claim upon which relief can be granted").  "What is required at the pleading stage are factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief . . . ." Iannacchino, supra, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  Upon de novo review, we must determine "whether the factual allegations in the complaint are sufficient, as a matter of law, to state a recognized cause of action or claim, and whether such allegations plausibly suggest an entitlement to relief" (citation omitted).  Dunn v. Genzyme Corp., 486 Mass. 713, 717 (2021).  Here, in exacting detail starting in 1893, the complaint chronicles the history of land in the vicinity of Lake Quannapowitt in Wakefield, but the complaint is silent as to the liability of the defendants that would entitle the plaintiff to relief.  While "the complaint need not recite [a] specific cause of action so long as the

3

factual allegations are sufficient to support such a claim," Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 47 (2022), the complaint here lacks both any specific cause of action or any factual allegation supporting an entitlement to relief.

Judgment affirmed.

Order denying motion for reconsideration affirmed.

By the Court (Rubin, Grant & Hodgens, JJ.[2]),

Clerk

Entered:  March 11, 2026.

---

[2] The panelists are listed in order of seniority.